```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                        Plaintiff,
            v.

AMERICAN GROWTH FUNDING II, LLC,
PORTFOLIO ADVISORS ALLIANCE, INC.,
RALPH C. JOHNSON, HOWARD J. ALLEN
III, and KERRI L. WASSERMAN,

                        Defendants.
----------------------------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/18

16-CV-828 (KMW) (DCF)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

In this action, the Securities and Exchange Commission ("SEC") asserts claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder, and Sections 17(a)(1), (2), and (3) of the Securities Act of 1933 (the "Securities Act") against Defendants Ralph C. Johnson, American Growth Funding II, LLC ("AGF II"), Howard J. Allen III, Kerri L. Wasserman, and Portfolio Advisors Alliance, Inc. The SEC alleges that Defendants violated these securities laws by making materially false statements to investors and potential investors. Defendants deny these allegations. Defendants AGF II and Johnson (the "AGF Defendants") have now moved to exclude the Expert Report of Harris L. Devor, CPA (the "Devor Report").

For the reasons stated below, the AGF Defendants' Motion is DENIED because (1) the opinions contained in paragraphs 13 to 32 of the Devor Report are admissible under Rule 402 because they are relevant to proving the materiality of Defendants' misrepresentations, (2) the opinions contained in paragraphs 33 to 57 of the Devor Report are admissible under Rule 402 because they are relevant (i) to proving that Defendants acted with *scienter* and (ii) to rebutting

the AGF Defendants' defense of good faith,[1] and (3) the opinions contained in the Devor Report are admissible under Rule 403, because "unfair surprise" is not a proper ground for excluding the opinions contained in the that report and because those opinions are unlikely to confuse the issues or mislead the finder of fact.

## I. BACKGROUND

### A. The SEC's Allegations

The SEC alleges that, in 2008, Defendant Johnson began operating a company called American Growth Funding LLC ("AGF"). (Compl., ¶ 20.) To raise money for AGF, Johnson used a number of investment vehicles, including Defendant AGF II. (*Id.*) Defendants sold "units" in AGF II to investors, promising a 1% return each month in exchange for investor funds. (*Id.*, ¶ 21.) After receiving these investor funds, AGF II loaned these funds to AGF, which, in turn, loaned them to various third-party businesses. (*Id.*, ¶ 23.)

According to the SEC, Defendants made multiple material misrepresentations in connection with raising money for AGF II. (Compl., ¶¶ 1–7.) As relevant here, the SEC alleges that Defendants distributed Private Placement Memoranda ("PPMs") in 2011 and 2012 stating that, "[a]s has been policy in the past, [AGF II's] annual financial statements will continue to be audited." (Compl., ¶¶ 24, 28.) In fact, however, AGF II's 2011 and 2012 financial statements were not audited until 2014, at which time they were audited by non-party Seymour Weinberg. (Devor Report, ECF No. 85-1, ¶ 32.)

---

[1] The other paragraphs of the Devor Report—paragraphs 1 through 13—provide information about Mr. Devor's qualifications, compensation, the materials he considered, the scope of his assignment, and a summary of his opinions. Because the opinions contained in the other portions of the Devor Report are admissible, testimony by Mr. Devor on the topics in these paragraphs is admissible as well.

2

## B. The Devor Report

On February 3, 2017, the SEC served Defendants with an expert report prepared by a certified public accountant, Harris L. Devor (the "Devor Report"). (ECF No. 84, at 3.) In essence, the Devor Report consists of two parts. First, Mr. Devor describes the characteristics of an external audit and explains why external audits, including those of AGF II's financials, matter to investors. (ECF No. 85-1, ¶¶ 13–32.) Second, Mr. Devor describes AGF II's financials, explains that certain types of analyses were needed to properly audit those financials, and explains why Mr. Weinberg's 2014 audits did not properly analyze those financials. (*Id.*, ¶¶ 33–57.) In particular, Mr. Devor asserts that, because AGF II's investments consisted almost completely of a loan receivable from AGF, and because that receivable was of questionable value, any legitimate audit of AGF II's financial statements needed to analyze the underlying financials of AGF. (*Id.*) Mr. Weinberg's audits of AGF II's financials did not do so. (*Id.*) Thus, Mr. Devor concludes that Mr. Weinberg essentially "failed to perform an audit at all." (*Id.*, ¶¶ 41–49, 57.)

## C. Relevant Procedural History

The SEC commenced this action on February 3, 2016. (Compl., ECF No. 1.) Defendants filed their respective Answers on April 22, 2016. (ECF Nos. 30, 32.) On or about February 3, 2017, the SEC served the Devor Report. (*See* ECF No. 84, at 3.) On March 9, 2017, Defendants Johnson and AGF II moved to exclude the Devor Report. (ECF No. 83.) On June 9, 2017, after discovery had closed, the SEC moved for summary judgment.[2] (ECF No. 119.)

---

[2] The SEC's motion for summary judgment will be decided at a later date.

## II. DISCUSSION

The AGF Defendants have moved to exclude the Devor Report on the grounds that the opinions contained therein are irrelevant under Rule 402 and are unfairly surprising and misleading under Rule 403. (Defs.' Mem., ECF No. 84, at 4–11.)

### A. Rule 402

#### 1. Legal Standard

Under Federal Rule of Evidence 402, all relevant evidence should be admitted unless another rule, a statute, or the United States Constitution provides otherwise. Evidence is relevant if it has "any tendency to make a fact" that is "of consequence in determining the action" any "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Determinations of relevance are entrusted to the sound discretion of the district court. *See, e.g., United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994).

#### 2. Application

The opinions contained in the Devor Report are relevant and thus admissible under Rule 402. As discussed below, Mr. Devor's anticipated testimony about the importance of audits is relevant to the materiality of Defendants' alleged misrepresentations. Mr. Devor's anticipated testimony concerning the inadequacy of Mr. Weinberg's 2014 audits is relevant both to proving *scienter* and to rebutting Defendants' defense of "good faith."

##### a) Testimony about the Importance of Audits

The opinions contained in paragraphs 13 to 32 of Mr. Devor's expert report—which concern the nature and importance of audits generally and of AGF II's audits in particular—are relevant to showing that Defendants' misrepresentations were material. (*See* Devor Report, ¶¶ 13–32.) To prove a violation of the relevant securities laws in this case, the SEC will need to show that Defendants "made a material misrepresentation or a material omission as to which

4

[they] had a duty to speak, or used a fraudulent device." *SEC v. Frohling*, 851 F.3d 132, 136 (2d Cir. 2016) (citation and internal quotation marks omitted). A "material" misrepresentation "is one that 'assume[s] actual significance' for a reasonable investor deciding whether to purchase the security at issue." *Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85, 146 (2d Cir. 2017) (citation omitted and brackets in original).

Mr. Devor's anticipated testimony about the nature and importance of audits will help the jury understand why an investor would want to know that a company has had its financials audited. For example, Mr. Devor will explain that audits are often the only way for investors to know that financial statements are free of misstatements or misrepresentations. (Devor Report, ¶ 17.) This testimony would show why Defendants' alleged misrepresentations about AGF II being audited would have had "actual significance" to a reasonable investor and, thus, would have been "material." *See Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n*, 873 F.3d at 146. For this reason, and because accountants are well-equipped to provide testimony about audits, Mr. Devor's anticipated testimony is relevant. *See SEC v. Johnson*, 525 F. Supp. 2d 70, 74 (D.D.C. 2007) (holding that "accounting principles underlying recognition of revenue, materiality, the conduct of audits, etc., are not the type of knowledge within the 'ken' of the average juror, and such testimony is unquestionably relevant to the various accounting issues at play in this case."); *Nappier v. PricewaterhouseCoopers LLP*, 227 F. Supp. 2d 263, 276 (D.N.J. 2002) ("[T]he determination of what accounting practices comprise [generally accepted accounting principles] is a question of fact best addressed through expert testimony . . . .").

Accordingly, the opinions contained in paragraphs 13 to 32 of the Devor Report are admissible under Rule 402.

b) Testimony about the Inadequacy of Mr. Weinberg's 2014 Audits

The opinions in paragraphs 33 to 57 of Mr. Devor's report—concerning the nature of

5

AGF II's financials, the types of analyses necessary to properly audit AGF II's financials, and the inadequacy of Mr. Weinberg's 2014 audits of AGF II's financials—are relevant both to proving *scienter* and to rebutting the AGF Defendants' defense of good faith.

To show *scienter* under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as well as under Section 17(a)(1) of the Securities Act, the SEC must show that Defendants acted with the "intent to deceive, manipulate, or defraud, . . . or at least [with] knowing misconduct." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1467 (2d Cir. 1996). In the context of this case, the fact that a proper audit of AGF II's financials required an audit of AGF's financials provides an explanation for why Defendants might lie about AGF II's financials being audited. In particular, Mr. Devor will testify that in 2011 and 2012, the majority of AGF II's assets consisted of loans receivable from AGF, and that AGF's assets consisted of loans receivable from various businesses. (Devor Report, ¶¶ 33–35.) Many of AGF's loans receivable, however, were past due by over 90 or 180 days, indicating that AGF may have been unable to repay its loan to AGF II. (*Id.*, ¶¶ 54–55.) Because the shaky nature of AGF II's and AGF's investments could have alarmed investors, Defendants may have been motivated to keep those investments secret. But as Mr. Devor notes, a proper audit of AGF II's financial records would require an auditor to review and possibly comment on AGF's financials. (*See id.*, ¶¶ 51–57.) Knowing this, Defendants had reason to lie about AGF II's 2011 and 2012 financial records being audited, rather than hiring an auditor who might expose the nature of AGF II's and AGF's investments. Defendants' motive to lie, in turn, makes it more likely that Defendants acted with *scienter*.

Mr. Devor's opinion that Mr. Weinberg's audit was inadequate provides further evidence of Defendants' motive to lie: After delaying hiring an auditor for over a year, it is noteworthy that the auditor Defendants *did* hire failed to properly analyze AGF's financials. This fact supports the inference that Defendants sought out an auditor who would ignore AGF's

6

financials—an inference further supported by the fact that Defendants met with, but did *not* hire, multiple auditors who told Defendants that any audit of AGF II would require an audit of AGF. (*See* Devor Report, ¶ 48.) The inference that Defendants sought out an auditor who would ignore AGF's financials, in turn, suggests that Defendants were concerned about disclosing those financials. And the inference that Defendants were concerned about disclosing AGF's financials makes it more likely that Defendants would lie about having conducted an audit of those financials.

Mr. Devor's opinion that Mr. Weinberg's audits were inadequate is also relevant to rebutting the AGF Defendants' defense of "good faith." The fact that the auditor Defendants ultimately hired did *not* review AGF's financials supports the theory that Defendants attempted to avoid a proper audit by hiring an unscrupulous auditor. Mr. Devor's opinion that Mr. Weinberg's report was inadequate from an accounting standpoint further supports this theory. (*See* Devor Report, ¶¶ 51–57.) Because Mr. Devor's opinion rebuts the AGF Defendants' defense that they sought to hire an auditor in "good faith," it is relevant and admissible.

Accordingly, the opinions contained in paragraphs 33 to 57 of the Devor Report are admissible under Rule 402 because they are relevant to proving that Defendants acted with *scienter* and to rebutting the AGF Defendants' defense of "good faith."

### B. Rule 403

#### 1. Legal Standard

Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 does not identify "unfair surprise" as a ground for excluding evidence. Although the advisory committee notes to Rule 403 state that "claims of unfair

7

surprise may still be justified," those notes also state that when a party claims unfair surprise, "the granting of a continuance is a more appropriate remedy than exclusion of the evidence." Fed. R. Evid. 403, advisory committee's notes on 1972 proposed rules.

### 2. Application

The AGF Defendants claim that, even if Mr. Devor's opinions are relevant, they should still be excluded because the SEC did not give proper notice that it would attack the sufficiency of Mr. Weinberg's audits. (*See* Defs.' Mem., at 9–10.) The AGF Defendants argue that this portion of Mr. Devor's opinion should be excluded because, in its Complaint, the SEC did not mention the adequacy of Mr. Weinberg's audits. (*Id.*) The SEC, however, was not required to fully outline its trial strategy in the Complaint, much less its strategy for responding to the AGF Defendants' affirmative defense of "good faith."

The AGF Defendants also argue that admitting Mr. Devor's testimony would be unfair because Mr. Weinberg, the auditor who conducted the 2014 audits, was not deposed. It is not an unfair surprise, however, for an expert report to be based on the documentary record rather than on deposition testimony. The SEC served its expert report well in advance of trial and there is no evidence that it failed to comply with any discovery obligations. There is therefore no reason for this Court to exclude Mr. Devor's report on the basis of unfair surprise. That Rule 403 does not identify "unfair surprise" as a ground for excluding evidence, and that the advisory notes counsel against excluding evidence on that basis, further weighs against doing so here. *See* Fed. R. Evid. 403, advisory committee's notes on 1972 proposed rules. If Defendants believe that they must depose Mr. Weinberg to adequately address the Devor Report at trial, they are free to request that discovery be reopened for that limited purpose.

As a second ground for excluding Mr. Devor's testimony under Rule 403, the AGF Defendants claim that Mr. Devor's testimony, if admitted, could cause the finder of fact to

8

mistakenly believe that the Defendants are liable merely because the audits of AGF II's financials were inadequate. (*See* Defs.' Memo, at 11.) The Court finds it unlikely that the finder of fact would be confused or misled in this manner. And regardless, any risk of the finder of fact being misled is outweighed by the probative value of this evidence; as discussed above, Mr. Devor's testimony is highly relevant to support the SEC's theory of *scienter* and to rebut Defendants' defense of good faith. If during trial Defendants still believe that the finder of fact may be misled by this testimony, they are free to propose an appropriate limiting instruction.

Accordingly, the opinions contained in Mr. Devor's expert report are admissible under Federal Rule of Evidence 403.

## III. CONCLUSION

In conclusion, (1) the opinions contained in paragraphs 13 to 32 of the Devor Report are admissible under Rule 402 because they are relevant to proving the materiality of Defendants' misrepresentations, (2) the opinions contained in paragraphs 33 to 57 of the Devor Report are admissible under Rule 402 because they are relevant (i) to proving that Defendants acted with *scienter* and (ii) to rebutting the AGF Defendants' defense of good faith, and (3) the opinions contained in the Devor Report are admissible under Rule 403, because "unfair surprise" is not a proper ground for excluding the opinions contained that report and because those opinions are unlikely to confuse the issues or mislead the finder of fact.

For these reasons, the Court DENIES Defendants' Motion to Exclude the Expert Report of Harris L. Devor.

The Clerk of Court is directed to terminate the motion at ECF No. 83.

If Defendants wish to submit their own expert report rebutting Mr. Devor's report, they shall serve such a report on or before March 31, 2018. Depositions of Harris L. Devor and

9

Defendants' rebuttal experts, if any, shall be completed on or before April 27, 2018.

SO ORDERED.

Dated: New York, New York
March 1, 2018

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge