**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|                                              |     |                        |
|----------------------------------------------|-----|------------------------|
| SECURITIES AND EXCHANGE COMMISSION,          | )   |                        |
|                                              | )   |                        |
|                             Plaintiff,       | )   | 16 Civ. 828 (KMW)      |
|                                              | )   |                        |
|        v.                                    | )   |                        |
|                                              | )   | ECF CASE               |
| AMERICAN GROWTH FUNDING II, LLC,             | )   |                        |
| PORTFOLIO ADVISORS ALLIANCE, INC.,           | )   |                        |
| RALPH C. JOHNSON,                            | )   |                        |
| HOWARD J. ALLEN III                          | )   |                        |
| and                                          | )   |                        |
| KERRI L. WASSERMAN,                          | )   |                        |
|                                              | )   |                        |
|                             Defendants.      | )   |                        |

_____

## [PROPOSED] AMENDED JOINT PRETRIAL ORDER

Having conferred amongst themselves and with the Court pursuant to Rule 16 of the

Federal Rules of Civil Procedure, and in accordance with the individual rules of the Honorable

Kimba M. Wood, the parties adopt the following statements, directions and agreements as the

Amended Joint Pretrial Order in this case:

## I.      FULL CAPTION OF THE ACTION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 16 Civ. 828 (KMW) |
| v. | ) ) | |
| AMERICAN GROWTH FUNDING II, LLC, PORTFOLIO ADVISORS ALLIANCE, INC., RALPH C. JOHNSON, HOWARD J. ALLEN III and KERRI L. WASSERMAN, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## II.     TRIAL COUNSEL

The names, addresses, and telephone and fax numbers of trial counsel are as follows:

A.      Counsel for Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission")

Alexander M. Vasilescu
Richard Hong
Jorge G. Tenreiro
Karen M. Lee
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022
Tel:  (212) 336-1100
Fax:  (212) 336-1317

B.      Counsel for Defendants

a.      Counsel for Defendants American Growth Funding II, LLC and Ralph Johnson ("AGF Defendants")

Mark J. Astarita
Michael D. Handelsman
SALLAH ASTARITA & COX, LLC
60 Pompton Avenue
Verona, New Jersey 07044
T: (973) 559-5566
F: (201) 608-7888

b.      Counsel for Defendants Portfolio Advisors Alliance, Inc., Howard J. Allen III, and Kerri L. Wasserman ("PAA Defendants")

Richard A. Roth
The Roth Law Firm, PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017
Tel: (212) 542-8882
Fax: (212) 542-8883

## III.    STATEMENT AS TO SUBJECT MATTER JURISDICTION

A.      Plaintiff's Statement

The Court has subject matter jurisdiction over the Commission's federal securities enforcement action pursuant to 28 U.S.C. § 1331 and Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d) and 77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

B.      Defendants' Statement

All Defendants concur with the Plaintiff's statement regarding subject matter jurisdiction.

## IV.    SUMMARY OF CLAIMS AND DEFENSES

A.      Plaintiff's Summary of Claims

In this SEC enforcement action, the Complaint alleges that Defendants American Growth Funding II, LLC ("AGF II"), Portfolio Advisors Alliance, Inc. ("PAA"), Ralph C. Johnson

("Johnson"), Howard J. Allen III ("Allen"), and Kerri L. Wasserman ("Wasserman") were charged with securities fraud and related charges in connection with making a series of material misrepresentations and omissions in AGF II's private placement offering.  (ECF No. 6)  The factual bases of the Commission's allegations are set forth in its Complaint.

The eight claims in the Complaint are as follows:

First claim:  Defendants AGF II, PAA, Johnson and Allen are charged with fraud claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a), (b) and (c) thereunder [17 C.F.R. § 240.10b-5(a), (b) and (c)];

Second claim:  Defendants AGF II, PAA, Johnson and Allen are charged with fraud claims under Sections 17(a)(1), (2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), (2) and (3)];

Third claim:  Defendant Johnson is charged as a controlling person under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] for the violations of AGF II under Sections 17(a)(1), (2) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) thereunder;

Fourth claim:  Defendants Allen and Wasserman are charged as controlling persons under Section 20(a) of the Exchange Act for the violations of PAA under Sections 17(a)(1), (2) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) thereunder;

Fifth claim:  Defendants Johnson, Allen, and Wasserman are charged with aiding and abetting the violations of AGF II under Sections 17(a)(1), (2) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) thereunder;

<u>Sixth claim</u>:  Defendants Allen and Wasserman aided and abetted the violations of Johnson under Sections 17(a)(1), (2) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) thereunder;

<u>Seventh claim</u>:  Defendants Allen and Wasserman aided and abetted the violations of PAA under Sections 17(a)(1), (2) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) thereunder; and

<u>Eighth claim</u>:  Defendant Wasserman aided and abetted the violations of Allen under Sections 17(a)(1), (2) and (3) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) thereunder.

B.    <u>Defendants' Summary of Defenses</u>

a.  <u>AGF Defendants</u>

Plaintiff makes the claims outlined above.   Defendants AGF and Johnson deny the substantive allegations of the complaint and deny that they committed any fraud on any person.

The AGF defendants maintain that the two alleged misrepresentations in the offering documents were not only substantially true, they were not material. Investors were provided with audited financial statements, the individuals identified as being part of the Board of Managers in the offering documents have confirmed that their description of their associations were substantially accurate, and the monthly statements received by investors were also accurate.

The AGF Defendants assert that the SEC is treating the investor account statements as brokerage account statements. The investors loaned money to AGF and AGF was obligated to pay the investors 1% per month. The monthly statements were a calculation of what was owed, nothing more, and were not a statement of equity.  The underlying investments were consistent with the representations in the offering documents, and the SEC does not allege otherwise.

Further, the investments in AGF were high risk, there was a substantial risk of loss in return for above average interest. The risks were clearly disclosed to investors, and the SEC does not allege otherwise.

AGF and Johnson also allege that there has been no fraud and certainly no intent to defraud. In the 10 years of operations, every investor has received every distribution, all redemptions have been paid, there are no investor complaints or lawsuits, and no allegations of missing or stolen funds.

In their Answer, the AGF Defendants made the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE: The complaint fails to plead fraud with particularity with respect to Defendants AGF II and Johnson as required by Federal Rules of Civil Procedure 9(b).

SECOND AFFIRMATIVE DEFENSE: Defendants AGF II and Johnson did not act with the requisite knowledge, scienter or intent required for the claims asserted herein.

THIRD AFFIRMATIVE DEFENSE: The complaint fails to state a claim upon which relief can be granted.

FOURTH AFFIRMATIVE DEFENSE: Defendants AGF II and Johnson at all times, acted in good faith.

FIFTH AFFIRMATIVE DEFENSE: Plaintiff's claims against Defendants AGF II and Johnson are barred, in whole or in part, by the applicable statute of limitations and/or repose, as well as by the doctrine of laches and other equitable principles.

SIXTH AFFIRMATIVE DEFENSE: The actions, representations and omissions, as alleged in the Complaint, to the extent same existed, were made or occurred in good faith, honestly and without malice.

SEVENTH AFFIRMATIVE DEFENSE: The actions, representations and omissions, as alleged in the Complaint, to the extent same existed, were not material, and therefore not actionable.

### b.  PAA Defendants

The PAA Defendants deny the substantive allegations of the complaint and deny that they committed any fraud on any person or aided and abetted any primary violations of another. The PAA Defendants maintain that the two alleged misrepresentations in the offering documents were not only substantially true, they were not material, particularly when read in context of the offering documents as a whole.  Assuming any alleged misstatements or omissions were made, however, Defendants corrected such misstatements or omissions orally to actual or potential investors.  The PAA Defendants further deny that they acted with requisite scienter or acted negligently.  To the contrary, the PAA Defendants at all relevant times acted in good faith, competently and with the advice and guidance of securities counsel.  Because no primary violations of the Exchange Act can be proven, and because none of the PAA Defendants provided substantial assistance to anyone who committed a primary violation, Plaintiff's allegations of aiding and abetting are also denied.

Finally, the PAA Defendants also allege that there has been no fraud and certainly no intent to defraud. In the 10 years of operations, every investor has received every distribution, all redemptions have been paid, there are no investor complaints or lawsuits, and no allegations of

missing or stolen funds. Moreover, investors were in fact provided with audited financial statements.

In their Answer, the PAA Defendants made the following affirmative defenses: (1) the complaint fails to state a claim upon which relief can be granted; (2) the claims are barred by the doctrine of waiver; (3) the claims are barred by the doctrine of estoppel; (4) the claims are barred by the doctrine of laches; (5) no party has been injured by reason of any act of defendants; (6) any alleged injuries were not legally or proximately caused by any act or omission of defendants; (7) defendants acted by reliance of counsel.

       C.      <u>Plaintiff's Response to Defendants' Summary of Defenses</u>

By this Court's Order of February 22, 2017 (ECF No. 80), AGF II and Johnson's Eighth and Ninth Affirmative Defenses relating to the "unclean hands" and Privacy Act violation affirmative defenses, respectively, have been stricken.

## V.     TRIAL BY JURY AND TRIAL DURATION

       A.      <u>Plaintiff's Statement as to Trial by Jury and Trial Duration</u>

The Commission seeks a jury trial. It anticipates that it will take approximately 7 trial days to present its case-in-chief.

       B.      <u>Defendants' Statement as to Trial by Jury and Trial Duration</u>

<u>AGF Defendants</u>:  Plaintiff made a demand for a jury to hear this matter in its Complaint. The AGF Defendants request that this matter be heard by a jury. The length of the trial is difficult to determine at this point.  Based on the volume of exhibits, individuals deposed, and time period at issue, the AGF Defendants believe this matter will take at least 2 weeks to be heard in full.

PAA Defendants:   Plaintiff made a demand for a jury to hear this matter in its Complaint. The PAA Defendants request that this matter be heard by a jury. The length of the trial is difficult to determine at this point. Based on the volume of exhibits, individuals deposed, and time period at issue, the PAA Defendants believe this matter will take at least 2 weeks to be heard in full.

## VI.   MAGISTRATE JUDGE

The parties have not consented to trial of the case before a Magistrate Judge.

## VII.   STIPULATIONS OR AGREED STATEMENTS OF LAW OR FACT

The parties jointly stipulate as to the following:

**As to Facts:**

1.   AGF II is a limited liability company incorporated in Nevada in 2010 with its principal place of business in New York, New York.

2.   Ralph Johnson made business and financial decisions on behalf of AGF II.

3.   Johnson has been in the securities industry and in the capital markets for more than 25 years.

4.   PAA is a registered broker-dealer with its principal place of business in New York, New York and was incorporated in California in March 1999.

5.   AGF II retained PAA to sell its AGF II securities, known as "units," to investors as placement agent for AGF II.

6.   In connection with its private placement of AGF II units, AGF II issued private placement memorandums ("PPMs"), dated February 11, 2011 and February 25, 2012, respectively.

7.   AGF II issued an updated PPM, dated February 25, 2012.

8.      Johnson approved the 2012 PPM for distribution by PAA.

9.      Allen participated in the due diligence on the 2011 PPM on behalf of PAA.

10.     Wasserman became the Chief Compliance Officer for PAA in 2011.

11.     At all relevant times, PAA had a compliance manual.

12.     On January 15, 2014, Seymour Weinberg completed his audit for AGF II for the year 2011.

13.     On February 5, 2014, Mr. Weinberg completed his audit for AGF II for the year 2012.

14.     In December 2011, Allen contacted the accounting firm Raich Ende Malter & Co. LLP regarding a potential audit for AGF II.

15.     In November 2013, Johnson engaged Seymour Weinberg, an accountant, to audit AGF II's financial statements.

16.     A tax accountant named George Carapella had provided tax preparation services to AGF II prior to 2012.

17.     Frazer, Evangelista & Co. is an accounting firm in New Jersey and Ralph Evangelista is a partner at the firm.

**As to Law**:

1.      The AGF II units in this case are "securities" under the federal securities laws.

 A.  Plaintiff

The Commission intends to use the Defendants' admissions in response to Plaintiff's requests for admissions and their responses to Plaintiff's interrogatories.  Plaintiff also intends to introduce the admissions that the Defendants have made in their SEC investigative testimony and depositions.

## VIII.   WITNESSES TO BE OFFERED BY THE PARTIES

A.  Plaintiff's Listing of Witnesses

The Commission intends to offer testimony of the following witnesses in its case-in-chief:

Fact Witnesses

| 1 | Howard Allen | In Person |
|---|---|---|
| 2 | Stuart Bender | In Person |
| 3 | Anthony Cappaze | In Person |
| 4 | James Carapella | In Person |
| 5 | Scott Cullen | In Person |
| 6 | Ralph Evangelista | In Person |
| 7 | Thomas Feretic | In Person |
| 8 | John Gilbert | In Person |
| 9 | Vincent Hoban | In Person |
| 10 | Ralph Johnson | In Person |
| 11 | Robert Judah | In Person |
| 12 | John McGowan | In Person |
| 13 | Lawrence Meril | In Person |
| 14 | Arthur Nelson | In Person |
| 15 | Peter Pak | In Person |
| 16 | Jennie Pell | In Person |
| 17 | Ted Rea | In Person |
| 18 | Elaine Rosen | In Person |
| 19 | Robert Spiegel | In Person |
| 20 | Lawrence Sucharow | In Person |
| 21 | Virginia Sullivan | In Person |
| 22 | Kerri Wasserman | In Person |
| 23 | Records custodian for Tax Man George Carapella | In Person |
| 24 | Timothy Kahler | In Person |
| 25 | Andrew Russell | In Person |

Expert Witnesses

| 1 | Harris Devor | In Person |
|---|---|---|
| 2 | Robert Lowry | In Person |

The Commission reserves the right to call additional witnesses at the time of trial based upon the resolution of any motions *in limine*.  In addition, the Commission reserves the right to call additional witnesses at the time of trial for purposes of impeachment and/or rebuttal.

B.  Defendants' Listing of Witnesses

American Growth Funding II, LLC and Ralph Johnson's Witness List

1.  Ralph Johnson
2.  Howard Allen
3.  Kerri Wasserman
4.  Jennie Pell
5.  Vincent Hoban
6.  Seymour Weinberg
7.  Lawrence Wagner
8.  Stuart Bender
9.  Lawrence Meril
10. Ralph Evangelista
11. Anthony Cappaze
12. James Carapella
13. Arthur Nelson
14. Laurence Sucharow
15. John E. ("Ted") Rea
16. John Gilbert
17. Robert Spiegel
18. Timothy Kahler
19. Richard Gilmartin
20. Eugene Tanski
21. Mark Davis
22. Punkaj Amin
23. Scott Cullen
24. Richard A. Hines, Sr.
25. Robert Judah
26. T. Patrick Marsh
27. John McGowan
28. Manuel Supervielle
29. Brown F. Williams
30. Alan Field

In addition, the AGF Defendants reserve the right to call all witnesses designated and/or called to testify by other parties in this matter. Nothing herein shall be deemed as waiver of the

AGF Defendants' right and ability to object to testimony from any witness on any and all grounds.

The AGF Defendants reserve the right to call additional witnesses identified in any production made by any parties, after the date of this Joint Pre-Trial Order. The AGF Defendants also reserve the right to call additional witnesses not identified herein for the purposes of impeachment or rebuttal. The AGF Defendants also reserve the right to not call any or all of the above listed individuals as witnesses.

<u>List of PAA Defendants' Witnesses</u>

Fact Witnesses (all in-person):

1. Howard Allen
2. Jennie Pell
3. Kerri Wasserman
4. Ralph Johnson
5. Bob Spiegel
6. Lawrence Sucharow
7. Andrew Russell

Expert Witness (in-person):

1. Richard Chase

In addition, the PAA Defendants reserve the right to call all witnesses designated and/or called to testify by other parties in this matter. Nothing herein shall be deemed as waiver of the PAA Defendants' right and ability to object to testimony from any witness on any and all grounds.

The PAA Defendants reserve the right to call additional witnesses identified in any production made by any parties, after the date of this Joint Pre-Trial Order. The PAA Defendants also reserve the right to call additional witnesses not identified herein for the purposes of

impeachment or rebuttal. The PAA Defendants also reserve the right to not call any or all of the above listed individuals as witnesses.

## IX. DEPOSITION TESTIMONY TO BE OFFERED BY THE PARTIES

The Commission intends to call all witnesses live.  In addition, certain of the admissions that the Defendants have made in their SEC investigative testimony and depositions may be introduced in its case-in-chief.

## X. EXHIBITS TO BE OFFERED BY THE PARTIES

### A. Plaintiff's Exhibits

Exhibit A is the list of Commission's exhibits with Defendants' objections.  The Commission reserves the right to present demonstratives or illustrative exhibits and Fed. R. Evid. 1006 summaries.

### B. Defendants' Exhibits

Exhibits B & C are the lists of Defendants' exhibits with the Commission's objections.

## XI. PROPOSED VOIR DIRE QUESTIONS AND REQUESTS TO CHARGE

### A. Parties Proposed Voir Dire and Objections

The parties' proposed voir dire questions have been filed under separate cover.

### B. Jury Charge Request

The Jury Charge Request was filed under separate cover on September 14, 2018.

## XII. STATEMENT OF MOTIONS *IN LIMINE*

### A. Plaintiff's Motions *in Limine*

The Commission has contemporaneously filed an omnibus motion *in limine* under Fed. R. Evid. 401, 402, and 403, to preclude the AGF Defendants, and the PAA Defendants from offering at trial evidence or argument regarding any (1) pecuniary loss or gain by AGF II

investors; (2) conduct relating to the AGF Defendants' stricken "unclean hands" and Privacy Act defenses; (3) effects of the SEC's investigation on the Defendants; and (4) purported advice from counsel the AGF and PAA Defendants received in connection with the AGF II private placement memoranda.

B.    AGF Defendants' Motions *in Limine*

The AGF Defendants have filed an Omnibus Motion in Limine to address three separate issues.

First, the lack of relevance of the Original Expert Report and Supplemental Report by Harris L. Devor, CPA. Same have no relation to any issues or claims contained in the Complaint filed herein and should be ruled inadmissible.

Second, we ask the Court to determine whether transcripts of interviews conducted by the SEC prior to the filing of the Complaint herein, and without the Defendants being present or afforded the opportunity to cross examine witnesses represents inadmissible hearsay and are inadmissible. We ask for the same ruling with respect to all declarations and affidavits obtained by the SEC.

Third, the Omnibus Motion in Limine seeks a ruling that any and all references to Mr. Johnson's past arrest and acquittal for an unrelated issue, years prior to the relevant time period, are irrelevant and inadmissible in this matter.

C.    PAA Defendants' Motions *in Limine*

The PAA Defendants' do not intend on filing a motion in *limine*

IT IS ORDERED that the Court, in order to prevent manifest injustice or for good cause shown, at trial of the action or prior thereto, upon application of counsel for either party made in good faith or upon motion of the Court, shall modify this Pretrial Order upon such conditions as the Court may deem just and proper.

15

Dated:          November 16, 2018
                New York, New York

                                    SECURITIES AND EXCHANGE COMMISSION

                                    /s/ Richard Hong
                                    Alexander M. Vasilescu
                                    Richard Hong
                                    Jorge G. Tenreiro
                                    Karen M. Lee
                                    New York Regional Office
                                    Brookfield Place
                                    200 Vesey Street, Suite 400
                                    New York, New York 10281-1022
                                    (212) 336-0956 (Hong)
                                    hongr@sec.gov

                                    Attorneys for Plaintiff

                                    /s/ Mark J. Astarita
                                    Mark J. Astarita
                                    Michael D. Handelsman
                                    SALLAH ASTARITA & COX, LLC
                                    60 Pompton Avenue
                                    Verona, New Jersey 07044
                                    T: (973) 559-5566
                                    F: (201) 608-7888

                                    Attorneys for the AGF Defendants

                                    /s/ Richard Roth
                                    Richard Roth
                                    Jordan M. Kam
                                    THE ROTH LAW FIRM, PLLC
                                    295 Madison Ave, 22nd Fl.
                                    New York, NY 10017
                                    (212) 542-8882

                                    Attorneys for the PAA Defendants

SO ORDERED:


_____
Hon. Kimba M. Wood
United States District Judge
Dated: _____, 2018