**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :

SECURITIES AND EXCHANGE     :
COMMISSION,                            :
                                             :     **No. 16 Civ. 828 (KMW) (DCF)**
                  **Plaintiff,**    :
                                             :     **ECF Case**
           **v.**                    :
                                             :

**AMERICAN GROWTH FUNDING II, LLC,**   :
**PORTFOLIO ADVISORS ALLIANCE, INC.,** :
**RALPH C. JOHNSON,**              :
**HOWARD J. ALLEN III,**          :
**and**                                 :
**KERRI L. WASSERMAN,**         :
                                             :
                  **Defendants.**   :
-------------------------------------------------------------x

### JOINT REQUESTS TO CHARGE

Pursuant to Fed. R. Civ. P. 51, the Court's Orders, entered April 30, 2018 and July 26, 2018, and Rule 3(A)(xi) of the Court's Individual Practices, the parties respectfully submit their joint proposed instructions to the Jury.  Where the parties could not agree on a particular proposed instruction the proposed instruction is labeled "disputed."  Where any Defendant has suggested additional language to which the Securities and Exchange Commission ("SEC") objects, that language is included in red-line edits to the proposed charge.  Portions of the SEC's proposed instructions that any Defendant objects to and seeks to strike are highlighted in yellow with explanatory asterisks included after the instruction.

The parties reserve their rights to submit supplemental and/or modified requests as may become necessary or appropriate.

Dated: January 2, 2019
       New York, NY

SECURITIES AND EXCHANGE COMMISSION

By: _____
       Alexander M. Vasilescu
       Richard Hong
       Jorge G. Tenreiro
       Karen Lee

200 Vesey Street, Suite 400
New York, NY  10281
(212) 336-9145 (Tenreiro)

SALLAH ASTARITA COX LLC

By: _____
       Mark Astarita
       Michael D. Handelsman

60 Pompton Avenue
Verona, NJ 07044
(973) 559-5566

*Attorneys for Defendants American Growth
Funding II, LLC and Ralph C. Johnson*

THE ROTH LAW FIRM, PLLC

By: _____
       Richard Roth
       Jordan M. Kam

295 Madison Ave, 22nd Fl.
New York, NY 10017
(212) 542-8882

*Attorneys for Defendants Portfolio Advisors
Alliance, Howard J. Allen, and Kerri Wasserman*

ii

# TABLE OF CONTENTS

**Page**

**PRELIMINARY INSTRUCTIONS** ................................................................................................ 1

1.   OPENING INSTRUCTIONS ............................................................................................. 2

2.   OUTLINE OF TRIAL ....................................................................................................... 3

3.   DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................................ 4

4.   BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE .......................... 5

5.   JURY'S ROLE .................................................................................................................. 6

6.   WHAT IS AND IS NOT EVIDENCE ............................................................................. 7

7.   JUDICIAL NOTICE ....................................................................................................... 10

8.   STIPULATION OF FACTS ........................................................................................... 11

9.   TAKING NOTES-CONDUCT AS JURY ..................................................................... 12

10.  CLAIMS AND DEFENSES ........................................................................................... 15

11.  EXPERT TESTIMONY .................................................................................................. 18

**FINAL INSTRUCTIONS - GENERAL** ..................................................................................... **19**

1.   ROLE OF THE COURT AND OF THE JURY ............................................................. 20

2.   BURDEN OF PROOF—PREPONDERANCE OF THE
     EVIDENCE DEFINED .................................................................................................. 22

3.   WHAT IS AND IS NOT EVIDENCE ........................................................................... 23

4.   DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................................................... 25

5.   INFERENCE DEFINED ................................................................................................. 26

6.   USE OF NOTES ............................................................................................................. 27

7.   STIPULATION OF FACTS AND THE EFFECT OF
     STATEMENTS MADE IN PLEADINGS ..................................................................... 28

8.   WITNESS CREDIBILITY ............................................................................................. 30

9.    IMPEACHMENT BY PRIOR INCONSISTENT
      STATEMENTS.............................................................................. 32

10.   WITNESS INTEREST .................................................................... 33

11.   DEFENDANT'S ADMISSIONS...................................................... 34

12.   NOT ALL EVIDENCE NEEDED................................................... 35

13.   USE OF CHARTS AND SUMMARY EXHIBITS.......................... 37

14.   PREPARATION OF WITNESSES................................................. 38

15.   EXPERT TESTIMONY .................................................................. 39

16.   JURORS NOT TO SPECULATE ABOUT PERSONS NOT
      ON TRIAL...................................................................................... 40

17.   JURORS NOT TO CONSIDER RELIEF......................................... 41

18.   GOVERNMENT AS A PARTY ..................................................... 42

**INSTRUCTIONS AS TO SPECIFIC CLAIMS........................................... 43**

1.    SECURITIES FRAUD:  STATUTORY PURPOSE......................... 44

2.    OVERVIEW OF THE VIOLATIONS CHARGED............................ 47

3.    SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR RELIEF)............. 50

4.    SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR
      RELIEF)—NO INVESTOR LOSS IS REQUIRED........................ 52

5.    SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR
      RELIEF)— "MEANS OR INSTRUMENTALITIES OF INTERSTATE
      COMMERCE"................................................................................... 53

6.    SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR
      RELIEF)— "IN CONNECTION WITH" ........................................ 54

7.    SECTION 10(b) AND RULE 10b-5(a) CLAIMS (FIRST CLAIM FOR
      RELIEF)  "DEVICE, SCHEME, OR ARTIFICE TO DEFRAUD" ................ 55

8.    SECTION 10(b) AND RULE 10b-5(b) CLAIMS (FIRST CLAIM FOR
      RELIEF)— "MADE" ...................................................................... 57

9.      SECTION 10(b) AND RULE 10b-5(b) CLAIMS (FIRST CLAIM FOR
        RELIEF)— "UNTRUE STATEMENT OR OMISSION" ................................. 60

10.     SECTION 10(b) AND RULE 10b-5(b) CLAIMS (FIRST CLAIM FOR
        RELIEF)— "MATERIAL FACT" ...................................................................... 62

12.     SECTION 10(b) AND RULE 10b-5(c) CLAIMS (FIRST CLAIM FOR
        RELIEF)—ACT, PRACTICE, OR COURSE OF BUSINESS WHICH
        OPERATED OR WOULD OPERATE AS A FRAUD OR DECEIT ............................. 64

11.     SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR
        RELIEF)— "SCIENTER" .................................................................................. 65

12.     RELIANCE OF COUNSEL ................................................................................ 68

13.     SECTION 17(a) CLAIMS (SECOND CLAIM FOR RELIEF) ........................................ 70

14.     CONTROL PERSON LIABILITY SECTION 20(a) OF THE EXCHANGE
        ACT (THIRD AND FOURTH CLAIMS FOR RELIEF)—GENERAL
        INSTRUCTION ................................................................................................. 74

15.     CONTROL PERSON LIABILITY SECTION 20(a) OF THE EXCHANGE
        ACT (THIRD AND FOURTH CLAIMS FOR RELIEF)—"CONTROL" ...................... 75

16.     CONTROL PERSON LIABILITY SECTION 20(a) OF THE EXCHANGE
        ACT (THIRD AND FOURTH CLAIMS FOR RELIEF)—STATE OF MIND ............. 76

17.     SECTION 10(b) AND RULE 10b-5 AND SECTION 17(a): AIDING AND
        ABETTING (FIFTH, SIXTH, SEVENTH, AND EIGHTH CLAIMS FOR
        RELIEF) ............................................................................................................ 78

18.     GENERAL INSTRUCTIONS ON CORPORATE AND AGENCY
        LIABILITY ....................................................................................................... 82

CLOSING GENERAL INSTRUCTIONS ............................................................................. 84

1.      SELECTION OF FOREPERSON; EXHIBITS AND TESTIMONY;
        COMMUNICATIONS WITH THE COURT .......................................................... 85

2.      UNANIMITY AND DUTY TO CONSULT ......................................................... 86

3.      REACHING A VERDICT .................................................................................. 87

VERDICT FORM ............................................................................................................... 1

**PRELIMINARY INSTRUCTIONS**

**Request No. 1**

**OPENING INSTRUCTIONS**

Members of the jury, this case is now officially on trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is the United States Securities and Exchange Commission. The SEC is the agency of the federal government that is responsible for protecting investors and the maintenance of fairness and honesty in the securities markets by enforcing the federal securities laws through civil proceedings such as this one. Just because the SEC has brought this case, however, does not mean that the Defendants have violated any laws or have done anything wrong. That is what you are here to decide.

The party being sued is called the defendant. In this action, the Defendants are American Growth Funding II, LLC, sometimes referred to as "AGF II," Portfolio Advisors Alliance, Inc., sometimes referred to as "PAA," Ralph C. Johnson, sometimes referred to as Mr. Johnson or simply Johnson, Howard J. Allen III, sometimes referred to as Mr. Allen or simply Allen, and Kerri L. Wasserman, sometimes referred to as Ms. Wasserman or simply Wasserman.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

**Authority:**   3 O'Malley, et al., Federal Jury Practice and Instructions (Civil), § 101.01 (6th ed. 2011).

2

**<u>Request No. 2</u>**

**OUTLINE OF TRIAL**

Before we begin the trial, I would like to say some words about how it will be conducted what are our respective jobs.  At the end I will give you detailed guidance how to reach your verdict.  I will give it to you orally because I'm required to, but I will also give you copies of my charge that you can take with you back into the jury room so you will know the law that you're supposed to apply.

The first step in the trial will be the opening statements by the lawyers.  The SEC's lawyer in its opening statement will tell you about the evidence that it intends to put before you so that you will have an idea of what the plaintiff's case is going to be.  An opening statement is not evidence, its purpose is only to help you to understand what the lawyer thinks the evidence will be.  It's supposed to be kind of a road map for you.  After the SEC's opening statement, the defense attorneys will make an opening statement.

Next, the SEC will offer evidence that it says will support its claims against the defendants.  The SEC's evidence in this case will consist of the testimony of witnesses as well as documents and other exhibits.  The defendants' counsel may cross-examine witnesses.  Following the SEC's case, the defendants will present their case.  Counsel for the SEC will have the opportunity to cross-examine any witnesses testifying for the defendants.

After the presentation of evidence is completed, the attorneys will deliver their closing arguments to summarize and interpret the evidence.  Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict.

**Authority:**     The preliminary charge of Judge Kimba Wood in <u>Soley v. Wasserman,</u> No. 08 Civ. 9262 (S.D.N.Y. July 29, 2013).

3

**Request No. 3**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Some of you probably have heard the terms "circumstantial evidence" and "direct evidence." Don't be concerned about these terms. The law allows you to consider all the evidence given in a trial.

Now, there's no formula to evaluate testimony or exhibits. Suffice it to say that you bring with you to this courtroom all of the experience and background of your lives.

Do not leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you apply in deciding how much weight, if any, to give to the evidence in this case.

**Authority**:     The preliminary charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. July 29, 2013); 4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 74-2 (2011).

**Request No. 4**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

In a civil case like this one, the SEC has the burden of establishing liability on the part of each defendant by a preponderance of the credible evidence.  I mentioned before some words about "preponderance."  To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  This concept is often illustrated, as I told you before, with the concept of scales.  If you find the evidence on any issue balanced evenly, that is to say if the scales are evenly balanced, then the plaintiff, who has the burden of proof, would not have sustained its burden and the case must be decided in favor of the defendants.  Similarly, if the scales tilt in favor of the defendant, then the case must be decided in favor of the defendant.

The SEC has the burden of proving each and every element of each and every alleged securities law violation.

**Authority:**      The preliminary charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. July 29, 2013); 4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 73-2 (2011); 3 O'Malley, et al., <u>Federal Jury Practice and Instructions (Civil)</u>, § 104.01 (6th ed. 2011); Third Circuit Model Jury Instructions 1.10 (Civil) (2011).

**<u>Request No. 5</u>**

**JURY'S ROLE**

Let me explain our respective jobs during the trial.

My job is to decide which rules of law apply to this case. I do that by making legal rulings during the course of the trial and in giving you final instructions after all the evidence is in. You are the triers of fact. You will weigh the evidence presented and decide whether the plaintiff has proved by a preponderance of the evidence that the defendant is liable to plaintiff. And of course, you must base that decision only on the evidence in the case and my instructions about the law. You will, of course, pay close attention to all of the evidence presented.

**Authority**:   The preliminary charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. July 29, 2013).

**Request No. 6**

**WHAT IS AND IS NOT EVIDENCE**

Evidence consists only of the testimony of witnesses, documents, and other things admitted as evidence or stipulations agreed to by the attorneys.  I will list certain things for you now.  Here are things that are not evidence: Statements and questions by lawyers, my statements to you, arguments by lawyers, objections to questions.

And with respect to that, let me note that lawyers have an obligation to their client to make an objection when they believe evidence is being offered that is improper under the rules of evidence.  Don't be influenced by the objection or by my ruling on it.  If I sustain the objection, I will tell you to ignore the question and any answer that has been given.  If it's overruled, you treat the evidence like any other.  If I instruct you that some item of evidence is received only for a limited purpose, you must follow that instruction.  If I exclude any testimony or tell you to disregard it, it is, of course, not evidence and may not be considered. Anything you hear or see outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.  In deciding the facts of the case, you will have to decide the credibility of the witnesses, that is, how truthful and believable are they.  Listen to the witnesses, watch them, and then decide what to believe and not to believe, just as you would decide such questions in your ordinary life.  Did they know what they were talking about? Were they candid?  Honest?  Open?  Truthful?  Did they have a reason to falsify, exaggerate or distort their testimony?  And if so, did that affect their testimony?

And I note that sometimes it's not what a witness says, but how he or she says it that may give you a clue as to whether or not to accept that witness's version of the incident or event as

credible or believable.  In short, the way a witness testifies may play an important part in your

reaching a judgment as to whether or not you can accept the witness's testimony as reliable.

As the trial proceeds, you may gain impressions of a witness or subject, but I ask you not

to let your impressions become fixed or hardened, because if you do, in a sense, you foreclose

Consideration of the testimony of other witnesses or other evidence that may be presented after

the witness you heard.  This would be unfair to one side or the other.  A case can be presented

only step by step, witness by witness, before all the evidence is before you.  We know from

experience that frequently we will hear a person give his or her version of an event that sounds

very impressive and convincing, and yet, when we hear another person's version of the same

event, or even the same person cross-examined with respect to it, what seemed to be very

compelling and impressive may be completely dissipated or weakened.

I'm simply trying to say to you in very simple terms that there may be another side to any

witness's story.  You will use your common sense and your good judgment to evaluate their

testimony based on all the circumstances.  I cannot emphasize too strongly that you must keep an

open mind until the trial is over.  You should not reach any conclusions until you have heard all

the evidence before you.

If I ask a question of a witness during the trial or if I comment in any way, that does not

indicate that I have any opinion about the facts of the case.  Every now and then during the trial I

may have to interrupt the proceedings to hear the lawyers at the bench about some issue of law

that needs to be decided before the trial can go any further.  As a convenience to you, if any of

them are likely to take a long time, I excuse you to go back to the jury room so that you can be

more comfortable.  I try to avoid those interruptions, but if they happen, please be patient,



because these conferences often save time for all of us and are necessary to ensure the fairness of

the trial.

**Authority:**    The preliminary charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08
Civ. 9262 (S.D.N.Y. July 29, 2013); 4 L. Sand, et al., <u>Modern Federal Jury
Instructions (Civil)</u>, Instr. 74-2 (2011); 3 O'Malley, et al., <u>Federal Jury Practice
and Instructions (Civil)</u>, §§ 101.01, 101:44 (6th ed. 2011); Third Circuit Model
Jury Instructions 1.4 (Civil) (2011).

**Request No. 7**

**JUDICIAL NOTICE**

During the trial, I may take judicial notice of certain facts which are not subject to

reasonable dispute.  You will be required to accept these facts as true in reaching your verdict.

**Authority:**     4 L. Sand, et al., Modern Federal Jury Instructions (Civil), Instr. 74-3 (2011);
                   Third Circuit Model Jury Instructions 2.2 (Civil) (2011); Ninth Circuit Model
                   Jury Instructions 2.3 (Civil) (2007).

**Request No. 8**

**STIPULATION OF FACTS**

During the trial, you may hear that the parties have stipulated to a fact.  A stipulated fact means there is an agreement among the parties that a certain fact is true.  You must treat a stipulated fact as having been proved for the purposes of this case.

**Authority:**   4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 74-4 (2011); Third Circuit Model Jury Instructions 2.4 (Civil) (2011); Ninth Circuit Model Jury Instructions 2.2 (Civil) (2007).

**Request No. 9**

**TAKING NOTES-CONDUCT AS JURY**

If you wish, you may take notes to help you remember what has been said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Don't let your note taking distract you such that you don't hear other answers by a witness.  When you leave at night, you would leave your notes in the jury room.

We will provide each of you with a manila envelope in which to place your notes when you leave and no one will read them.  If you choose not to take notes, remember, you can rely on your own memory of what has been said.  Don't be influenced by the notes of other jurors.  Some people remember better when they don't take notes.  Just because one juror does take notes doesn't mean that the notes are a better reflection of what happened than your memory is.  I also want to mention that in these more modern days we have the ability to send you written portions of the transcript, so if you don't remember what a witness said about something, you can ask to have those pages of the transcript sent to you.

I want to remind you that you must not talk with the plaintiff or the defendants during the trial or any of the lawyers, paralegals, anyone at all involved in the trial about any subject.  Don't even say hello to them.  I have instructed them not to talk to you, so don't be surprised if they look down when they see you.  They won't say hello.  They're not being rude, they're just following my instructions.

If you find yourself in the presence of anyone who is discussing the case, it's your duty to remove yourself from that discussion and to send a note to my deputy about what happened. If anyone tries to communicate with you about this case at any time throughout the trial, either in or

out of the courthouse, you must immediately report that to my deputy and to no one else, not to any other juror or anyone.

In addition, make sure that you don't talk about the trial with anyone at home, not your family, not your friends, not your co-workers. And you shouldn't even discuss the case among yourselves until the trial is finished and you've heard all the evidence before you.

During the course of the trial, you will receive all the evidence you need to properly decide the case. Because of this, it's very important that you do not perform any independent research about the case, the individuals in the case, the companies involved in the case, even if you think the information might be helpful. These days, of course, almost anything can be Googled. I ask you to promise me that you won't go on the internet to try to learn anything about this case or the participants. You can do all of that after the trial is over and you've already rendered your verdict. So obviously, you should not consult dictionaries or reference materials, search the internet, web sites, blogs, or any other electronic means. You decide the case based only on what happens in the courtroom.

I know that you all use cell phones, the internet, and other technological tools. You must not use these tools to communicate electronically with anyone about the case. This includes your family and friends. Of course, you can tell them about scheduling, but that's all. So you must not use your cell phone, email, text messaging, Twitter, blog, web site, chat room or any social networking web site, including Facebook, Myspace, LinkedIn and YouTube. The reason for these rules, as I'm sure you know, is that your decision must be based only on the evidence you hear here in court.

I mentioned before that the trial cannot begin until all the jurors are in the jury box. If one of you is late, even say for 15 minutes because of a subway delay, you will have wasted

many hours of time if you aggregate the time of all the people in the courtroom.  So please make

sure you come a little early.

**Authority:**   The preliminary charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08
Civ. 9262 (S.D.N.Y. July 29, 2013).

**Request No. 10 - DISPUTED**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I am now going to give you a capsule view of the law that applies here and what the claims are.  I do this now only to try to give you a context in which to fit all the facts that you're going to hear.  At the end, I'm going to give you much more detailed instructions.  You don't need to remember these precise elements of plaintiff's claim or the defense, because I'm going to instruct you on all of this before your deliberations.  I'm giving you this information just so you'll have a basic understanding of the questions that you will eventually be called upon to answer.  These are just preliminary.

In this action, the plaintiff is the Securities and Exchange Commission, sometimes referred to as the "SEC" or the "Commission."  As I said, the SEC is the agency of the federal government that is responsible for enforcing the federal securities laws through civil proceedings such as this one.  Because the SEC is only a civil law enforcement agency, it does not have the ability to send anyone to arrest someone or send anyone to prison, although Defendants may face civil penalties, other monetary relief, as well as an injunction by the Court.

As I already mentioned, the Defendants in this action are certain individuals, Mr. Johnson, Mr. Allen, and Ms. Wasserman, and two companies known as AGF II and PAA.

The SEC claims that between approximately March 2011 and January 2014 Mr. Johnson and AGF II made to investors certain false and misleading statements regarding important facts about making an investment in AGF II.  The SEC also claims that between approximately March 2011 and January 2014, Mr. Allen and PAA made to investors false and misleading statements about AGF II and failed to tell investors important facts about the statements they were making about AGF II.  The SEC also claims that between approximately March 2011 and January 2014,

15

Ms. Wasserman failed to stop these false and misleading statements being made to investors even though she was in charge with compliance at PAA.  The SEC also claims that Mr. Johnson, Mr. Allen, and Ms. Wasserman aided and abetted the violations of the law committed by other defendants and that they participated in the violations committed by either AGF II in the case of Mr. Johnson, Mr. Allen, and Ms. Wasserman, of Mr. Johnson and of PAA in the case of Mr. Allen and Ms. Wasserman, and of Mr. Allen in the case of Ms. Wasserman.  The SEC also claims that Mr. Johnson is a "control person" of AGF II and that Mr. Johnson is liable as a control person for the violations of AGF II, and that both Mr. Allen and Ms. Wasserman are "control persons" of PAA and are liable as control persons for the violations of PAA.

In summary, Mr. Johnson and AGF II allege that the statements made to investors, were substantially true, and that no investor was misled by any of the defendant's statements, or claimed to have lost money as a result of these investments. Mr. Johnson and AGF II allege that any misstatement in the documents was inadvertent, and not material – that is, that the statements, even assuming they were not correct, were not an important part of an investor's decision to invest, or not to invest.

The PAA Defendants deny that they committed any fraud on any person or aided and abetted any primary violations of securities law by any other person.   The PAA Defendants maintain that the two alleged misrepresentations in the offering documents were not only substantially true, they were not material, particularly when read in context of the offering documents as a whole and considering the total mix of information made available to potential investors.  The PAA Defendants also argue that even assuming that any alleged misstatements or omissions were made, Defendants corrected such misstatements or omissions orally to actual or potential investors.  The PAA Defendants further deny that they acted with requisite scienter or

acted negligently.  The PAA Defendants claim that they at all relevant times acted in good faith, competently and with the advice and guidance of securities counsel.

At the end you will have a verdict sheet that guides you through these questions.  That concludes my preliminary charge to you, and we will now hear the opening statements.  My deputy will swear you as jurors.

**Authority:**   The preliminary charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. July 29, 2013); the preliminary charge of Judge J.O. Browning in <u>SEC v. Goldstone</u>, No. 12 Civ. 257 (D.N.M. June 20, 2016); the preliminary charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y. Apr. 1, 2014); the preliminary charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Oct. 9, 2012); Ninth Circuit Model Jury Instructions 1.2 (Civil) (2007); 4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u> Instr. 82-2 (2011).

**Request for When Experts Testify, Not For Preliminary Instructions**

**EXPERT TESTIMONY**

The parties will call expert witnesses to testify regarding certain issues.  Expert testimony is presented to you on the theory that someone who is experienced in the field may be able to assist you in understanding the evidence and in reaching your independent decision on the facts.

You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in the case.  You should not, however, accept the testimony merely because it is given by an expert.  As I have repeatedly noted, the determination of the facts in this case rests solely with you.

**Authority:**         The preliminary charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. July 29, 2013).

18

**FINAL INSTRUCTIONS - GENERAL**

**Request No. 1**

**ROLE OF THE COURT AND OF THE JURY**

Members of the jury, we've concluded closing arguments.  We're going to turn now to the my instructions on the law to you.

Members of the jury, you're being handed both the jury charge and the verdict form.  You don't need to concern yourselves right now with the verdict form; that's simply what your foreperson will fill out once you've made your various decisions.

Now, members of the jury, my charge to you on the law is lengthy and covers many points.  You must listen closely as I read the charge.

There is a table of contents that is for your general use, if it's of any use to you in the jury room.  I'll begin on the heading "Final Instructions," which is page 19.

Members of the jury, we have come to a critical time in the case, the time when the case will be given over to you for your judgment and verdict on the facts.  Now that you have heard the evidence and the arguments, it is my responsibility to instruct you on the applicable law.  The law requires me to give you these instructions orally.  You will have written copies of them in the jury room as you deliberate.

I begin by reminding you of my role and your role.

The jury's role is by far the most important; it is to decide the questions of fact and on that basis to render your verdicts.  You are the sole judges of the facts.  That is a very great responsibility, which you are to exercise with an attitude of complete fairness and impartiality.  Your decision is to be based solely on the evidence or the lack of evidence.  The law does not permit your decision to be governed by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

20

My job includes two basic functions.  First, I have made rulings on disputed issues of law.  The rulings I have made should not concern you.  My second function is to instruct you on the law, that is, to explain to you the rules of law that govern your deliberations and to tell you what are the questions you must answer in reaching your verdict.  It is your duty to accept the law as I state it to you in these instructions and apply it to the facts as you decide them.  You must not substitute any concept of what you may think the law should be for what I tell you the law is.  Just as you alone find the facts, I alone determine the law, and you are duty-bound to accept the law as I state it.

It is important for you to listen carefully to the instructions and apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but, rather, consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You simply must follow and apply that law.

The lawyers have referred to some of the governing rules of law in their arguments.  If there is any difference between the law as stated by the lawyers and the law as stated in these instructions, you must follow my instructions.

Nothing in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

**Authority:**     The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); 4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 71-2 (2011).

**<u>Request No. 2</u>**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE DEFINED**

Now, this is a civil case.  Accordingly, the SEC has the burden of proving the elements of its claims by a preponderance of the credible evidence.  As I told you at the beginning of the trial, to establish something by "a preponderance of the evidence" simply means that something is more likely so than not so.  A preponderance of the evidence means the greater weight of the evidence.  Remember, so long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

The preponderance standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible.  In determining whether any act in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them.  And you may consider all exhibits received in evidence, regardless of who may have produced them.

I know some of you may have served as jurors in criminal cases, and you may have watched movies, plays, television shows dealing with criminal cases.  You've heard the expression "beyond a reasonable doubt."  That is a burden that must be met by the government in criminal cases; it's not the case here.  In a civil case like this one, no one has to prove anything beyond a reasonable doubt; the standard in a civil case is much less strict than in a criminal one. You should, therefore, put out of your minds any discussion you have heard about proof beyond a reasonable doubt.

**Authority**:    The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge V. Marrero in <u>SEC v. Treadway</u>, No. 04 Civ. 3464 (S.D.N.Y. June 28, 2006).

**Request No. 3**

**WHAT IS AND IS NOT EVIDENCE**

The evidence in this case consists of the following:

The sworn testimony of the witnesses, no matter who called the witness; all documents and exhibits received in evidence, regardless of who may have produced them; stipulations of the parties, which is agreements by the parties that have been read into evidence.

Deposition testimony has been read during the trial.  Depositions contain sworn testimony with the lawyers for each party being entitled to ask questions.  Depositions are part of the pretrial discovery process, and each side is entitled to take depositions.  Deposition testimony may be accepted by you subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case.

This case is not to be decided on the rhetoric of the lawyers.  As I said before, what they say in their opening arguments, their summations, their objections, or in their questions is not evidence.  What I have said is not evidence.

Only the answer of a witness is evidence, together with documents received in evidence during trial.

The statements and arguments made by the lawyers are intended to convince you of the conclusions they believe you should draw from the evidence or the lack of evidence.  Now, those arguments are important.  You should weigh and evaluate them carefully.  But you must not confuse them with the evidence.  As to what the evidence is, it is your view that governs, not the statements of the lawyers.  You should draw no inference or conclusion for or against either party by reason of lawyers making objections or from my rulings on such objections.  Counsel have not only the right, but the duty to make legal objections when they think that such

objections are appropriate.  During the course of the trial, on several occasions I sustained

objections by one lawyer to a question being asked by the examining lawyer.  Where I sustained

an objection, you are to disregard the question and any alleged fact contained in the question, and

you may not speculate as to what the answer would have been.  You must also disregard any

argument regarding the objection.

At times, I may have questioned a witness myself.  Any questions I asked or instructions

I gave were intended only to clarify the presentation of evidence and to bring out something I

thought was not clear.  You should draw no inference or conclusion of any kind -- favorable or

unfavorable – with respect to any witness or any party in the case by reason of any comment,

question, or instruction of mine; nor should you infer that I have any views as to the credibility

of any witness, as to the weight of the evidence, or as to how you should decide any issue that is

before you.  That is entirely your role.

Do not concern yourself with what was said at sidebar conferences during my discussions

with counsel.  Those discussions related to rulings of law, not to matters of fact.  In sum, you are

to consider only the evidence in the case.  But in your consideration of the evidence, you are not

limited to the statements of the witnesses.  In other words, you are not limited solely to what you

see and hear as the witness testified.  You may draw from the facts that you find have been

proved such reasonable inferences or conclusions as you feel are justified in light of your

experience.  If you want to see the text of any witness's testimony, the transcript can be sent to

you.

**Authority:**     The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262
(S.D.N.Y. Aug. 1, 2013); 4 L. Sand, et al., <u>Modern Federal Jury Instructions
(Civil)</u> Instr. 74-1 (2011); Ninth Circuit Model Jury Instructions 1.6, 1.7 (Civil)
(2007).

24

**Request No. 4**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Generally speaking, there are two kinds of evidence that are presented during a trial: Direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact such as an eyewitness.

Indirect or circumstantial evidence is evidence of a chain of facts and circumstances indicating that something happened. It consists of evidence of facts and circumstances from which, in terms of common experience, a person may reasonably infer the ultimate fact sought to be established.

Here is a simple example of circumstantial evidence: Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds are drawn and you cannot look outside. As you're sitting here, assume that someone walks in with an umbrella which is dripping wet, and then someone else walks in with a raincoat that is dripping wet. Now, you cannot look outside the windows of the courtroom and see whether or not it has been raining, so you have no direct evidence that it has been raining. But on the combination of facts that I've asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had been raining.

As a general rule, the law makes no distinction between the weight or value given to direct evidence and to circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**SEC Authority**:    The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); the charge of Judge J. Rakoff in <u>SEC v. Payton</u>, 14 Civ. 4644 (S.D.N.Y. Apr. 4, 2016); 4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 74-2 (2011).

25

**Request No. 5**

**INFERENCE DEFINED**

Now, in their arguments the parties have asked you to infer on the basis of your reason, experience, and common sense from one or more established facts, the existence of some other fact. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a reasonable deduction or logical conclusion which you, the jury, are permitted -- but not required -- to draw from the facts that have been established by either direct or circumstantial evidence.

Although you are to consider only the evidence in the case, you are not limited to the statements of the witnesses or the documentary evidence. In other words, you are not limited to what you see and hear as the witnesses testify or as to what you see in the documents. Rather, you may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experiences.

Inferences are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Some claims in this case may require you to determine whether the SEC has proven a particular state of mind or purpose on the part of a person. Direct proof of a person's state of mind or purpose is not always available and is not required. Instead, you are permitted, but not required, to infer that a defendant acted with a particular state of mind or purpose based on circumstantial evidence.

**Authority**:   The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); the charge of Judge J.C. Hall in <u>SEC v. Kwak</u>, No. 04 Civ. 1331 (D. Conn. Nov. 19, 2007); 4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 74-2 (2011).

**Request No. 6**

**USE OF NOTES**

Some of you have taken notes during the trial.  As I mentioned to you at the beginning of the trial, notes can be useful, for example, to focus a note taker's attention and may aid the recollection of the note taker.  But note taking may also distract a note taker from seeing or hearing other important evidence.  Thus, the best way to assist your recall is to have a transcript sent to you and not relying on notes.

And please remember just because one juror may have notes does not mean the notes are any more accurate than any other juror's recollection.

And in case anyone took notes during the lawyers' arguments, please keep in mind that the lawyers' arguments are not evidence.  As I already mentioned, any of the testimony from the trial is available to you, and all the exhibits will be sent to you in the jury room.  Your function now is to weigh the evidence in the case.

**Authority**:    The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); Ninth Circuit Model Jury Instructions 1.14 (Civil) (2007).

**Request No. 7**

**STIPULATION OF FACTS AND THE EFFECT OF
STATEMENTS MADE IN PLEADINGS**

In this case, you've heard evidence in the form of stipulations.  A stipulation is simply an agreement among the parties.  You heard evidence in the form of stipulations that contain facts that were agreed to be true.  And in such cases, you must accept those facts as true.

In this case, the parties have stipulated to the following facts:

1.      AGF II is a limited liability company incorporated in Nevada in 2010 with its principal place of business in New York, New York.

2.      Ralph Johnson made business and financial decisions on behalf of AGF II.

3.      Johnson has been in the securities industry and in the capital markets for more than 25 years.

4.      PAA is a registered broker-dealer with its principal place of business in New York, New York and was incorporated in California in March 1999.

5.      AGF II retained PAA to sell its AGF II securities, known as "units," to investors as placement agent for AGF II.

6.      In connection with its private placement of AGF II units, AGF II issued private placement memorandums ("PPMs"), dated February 11, 2011 and February 25, 2012, respectively.

7.      AGF II issued an updated PPM, dated February 25, 2012.

8.      Johnson approved the 2012 PPM for distribution by PAA.

9.      Allen participated in the due diligence on the 2011 PPM on behalf of PAA.

10.     Wasserman became the Chief Compliance Officer for PAA in 2011.

28

11.     At all relevant times, PAA had a compliance manual.

12.     On January 15, 2014, Seymour Weinberg completed his audit for AGF II for the year 2011.

13.     On February 5, 2014, Mr. Weinberg completed his audit for AGF II for the year 2012.

14.     In December 2011, Allen contacted the accounting firm Raich Ende Malter & Co. LLP regarding a potential audit for AGF II.

15.     In November 2013, Johnson engaged Seymour Weinberg, an accountant, to audit AGF II's financial statements.

16.     A tax accountant named George Carapella had provided tax preparation services to AGF II prior to 2012.

17.     Frazer, Evangelista & Co. is an accounting firm in New Jersey and Ralph Evangelista is a partner at the firm.

[Reserved for additional stipulations, if any]

**Authority:**     4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 74-4 (2011); Ninth Circuit Model Jury Instructions 2.2 (Civil) (2007).

**Request No. 8**

**WITNESS CREDIBILITY**

You have had the opportunity to observe the witnesses and to hear their testimony.  It is now your job to decide how believable each witness was in his or her testimony.  You, the jurors, are the sole judges of the credibility and truthfulness of any witness and the weight the testimony of that witness deserves.

How do you determine the truth of the testimony? You should use all the tests for truthfulness that you would use in your everyday life in determining matters of importance to you.

You should consider any bias or hostility that a witness may have shown for or against any party, as well as whether the witness had a particular stake in the outcome of the case. It's your duty to consider whether the witness had a bias or interest, and whether that bias or interest affected his or her testimony.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, its corroboration or lack of corroboration with other believable evidence.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether in such a situation the witness's testimony reflects an innocent lapse of memory or an intentional falsehood.

There is no magic formula to evaluate the truthfulness of witnesses.  In your everyday affairs, each of you determines for yourself the reliability of statements made to you by other people.  You should use in your deliberations those same tests as you use in your everyday dealings; that is, use your common sense and rely on your own human experience.

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard the entire testimony of that witness, because one who testifies falsely about one material fact may well testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept as much of his or her testimony as you deem true, and disregard what you decide is false.

Always remember that you should use your common sense, your good judgment, and your own life experience.

**Authority:**   The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); Ninth Circuit Model Jury Instructions 1.11 (Civil) (2007).

**Request No. 9\***

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.  The prior inconsistent statement was placed before you solely for the purpose of attacking the credibility of the witness. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

Evidence of a prior inconsistent statement by a witness who is a party to this action, that is, a prior statement made by any of Mr. Johnson, Mr. Allen, or Ms. Wasserman, may be considered by you both as affirmative evidence in determining liability and for purposes of helping you decide whether to believe the testimony of that party.

In making these determinations, you may consider whether there was, in fact, any inconsistency, whether the witness purposely made a false statement, or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it was a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appeals to your common sense.  It is your duty, based on all the evidence and your own good judgment, to decide how much weight to give any such inconsistency.


**Authority:**        The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); 4 L. Sand, et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 76-5 (2011).

\* Defendants will not object to this instruction should impeachment by prior inconsistent statements occur at trial.

32

## Request No. 10

### WITNESS INTEREST

As I said a moment ago, in evaluating the credibility of the witness, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.

Such an interest in the outcome may or may not create a motive to testify falsely, and may or may not sway a witness to testify in a way that advances the witness's own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with due consideration.

Keep in mind though that an interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest affected his or her testimony.

Mr. Johnson, Mr. Allen, and Ms. Wasserman have testified before you at trial. As parties to this lawsuit, they are interested witnesses. Other witnesses may also have an interest in the outcome of the case.

It is for you to determine, based on all the factors I have mentioned, whether or not the possible interest of any  witness is such that he or she is likely, intentionally or unintentionally, to distort his or her testimony.

**Authority:**     The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262
(S.D.N.Y. Aug. 1, 2013).

## Request No. 11

### DEFENDANT'S ADMISSIONS

You have also heard evidence at the trial of statements made by some of the Defendants before the trial, including statements made during the SEC's investigation, and statements made in documents, such as emails.

You may consider the prior statements of the defendant or his or her agents as admissions, which means that such statements are affirmative evidence of the truth of what the defendants or his or her agents had said before the trial.  As with other witnesses, you may also consider the prior statements of the defendants or their agents before the trial if inconsistent with their trial testimony in deciding what weight, if any, to give to their trial testimony.*

**Authority**:     The charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y. May 7, 2014).

* Defendants will not object to this instruction should impeachment by prior inconsistent statements occur at trial.

**<u>Request No. 12 - DISPUTED</u>**

**NOT ALL EVIDENCE NEEDED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue in this trial, nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

There are several persons whose names you have heard during the course of the trial, but did not appear here to testify.  Each party has an equal opportunity or lack of opportunity to call any witnesses.  Therefore, you should not draw any inferences or reach any conclusion as to what any uncalled witnesses would have testified to had they been called.  The absence of witnesses should not affect your judgment in any way.*

[[Witness] was mentioned at trial but did not testify. You may, but are not required to, assume that [Witness's] testimony would have been unfavorable to [Plaintiff] [Defendant]].**

[However, as the plaintiff, the SEC maintains the burden of proof.  If you believe, therefore, that the SEC failed call a particular witness or offer certain evidence at trial that you believe would have assisted you in your decision-making process, you should take that into account in deciding whether the SEC has met its burden of proof.]***

**SEC Authority:**      The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); Seventh Circuit Federal Jury Instructions (Civil), Instr. 1.18 (2010).

**AGF Authority for ** language:** Seventh Circuit Federal Jury Instructions (Civil), Instr. 1.19 (2017).

**PAA Authority for *** language:** <u>SEC v. Ginder</u>, 752 F.3d 569, 574 (2d Cir. 2014) (finding SEC failed to meet its burden of showing what the standard of care was and that defendant's conduct fell below that standard).

\* The AGF Defendants object to the highlighted language and would instruct the jury as indicated in the language bracketed and with \*\*.

\*\* The SEC objects to the AGF Defendants' proposed charge.  The proposed instruction is from this Court's standard missing witness instruction in <u>Soley</u>, Tr. 552:6-13 (D.E. 111 at 108) and the SEC sees no need to resort to a model jury instruction from another Circuit for that purpose.

\*\*\* The SEC objects to the bracketed language, proposed by the PAA Defendants.  <u>Ginder</u> involved the sufficiency of *any type* of evidence to establish negligence, including potentially expert testimony.  It says nothing at all about improperly and prejudicially instructing the jury, contrary to standard instructions about missing witnesses, that the jury may draw an adverse inference against the SEC on that basis.

**Request No. 13**

**USE OF CHARTS AND SUMMARY EXHIBITS**

Over the course of the trial, you have seen some charts and enlarged documents that were shown to you in order to make certain evidence more meaningful and to aid you in considering the evidence.  They were used as demonstrative aids for the testimony of a witness.  They were not admitted in evidence, and you cannot ask for the charts themselves in the course of your deliberations.  You are to give them no greater consideration than you would give to the evidence upon which they are based.  It's for you to decide whether the charts and summaries you saw correctly present the information contained in the testimony and the exhibits on which they were based.

**Authority:**    The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013).

**Request No. 14**

**PREPARATION OF WITNESSES**

There was testimony at the trial that the attorneys interviewed witnesses when preparing for trial.  Although you may consider that fact when you are evaluating a witness's overall credibility, you should understand that there is nothing unusual or improper about a witness meeting with the attorneys before testifying so that he can be aware of the subjects that he will be questioned about, focus on those subjects, and have the opportunity to review relevant documents before being questioned about them.  Such consultation often helps conserve your time and the Court's time.  Additionally, the attorneys have an obligation to prepare their case thoroughly and, in discharging that responsibility, may properly interview witnesses before they testify at the trial.  In fact, it would be unusual for a lawyer to a call a witness without such consultation.

**Authority:**     The charge of Judge S.D. Wigenton in <u>SEC v. Teo</u>, No. 04 Civ. 1815 (D.N.J. May 25, 2011); the charge of Judge V. Marrero in <u>SEC v. Treadway, et al.</u>, 04 Civ. 3464 (VM) (S.D.N.Y. June 28, 2006); the charge of Judge L. Sand in <u>United States. v. Rigas</u>, No. 02 Cr. 1236 (S.D.N.Y. 2004).

**Request No. 15**

**EXPERT TESTIMONY**

You have heard testimony from several expert witnesses.  An expert is allowed to express an opinion on those matters about which the expert may have special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field may be able to assist you in understanding the evidence and in reaching your independent decision on the facts.

In weighing an experts' testimony, you may consider the expert's qualifications, his opinions, the reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether to believe a witness's testimony.

The expert's testimony was based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorneys who questioned the expert asked the expert to assume.  You may reject an expert's opinion if you find the facts to be different from those that formed the basis for the opinion.

You may give the expert testimony whatever weight, if any, you find it deserves in light of all of the evidence in the case and the witness' interest in the proceeding, including any compensation for work they may have received.  You should not, however, accept the testimony merely because it is given by an expert, nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

**Authority:**          The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013).

39

## Request No. 16 - DISPUTED

**JURORS NOT TO SPECULATE ABOUT PERSONS NOT ON TRIAL**

You must not draw any inference, favorable or unfavorable, toward the SEC or the Defendants on trial, from the fact that any person in addition to the Defendants was not named as a defendant in this case or any other case.  Those matters are outside your concern.  You must decide whether [the SEC has met its burden of proving that]* Defendants violated the federal securities laws as I will explain those laws to you.  You are only to decide the issues before you based on the evidence presented in this courtroom.

* The SEC objects to the bracketed language, proposed by the PAA Defendants, as being unduly repetitive about the party who bears the burden of proof, which the jury will have received at least a half dozen other instructions about.

* PAA response: The question for the jury is whether the SEC has met its burden of proving Defendants violated the law.  The proposed language will cause no prejudice to the SEC.

**Authority:**     The charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge L. Swain in <u>SEC v. O'Meally</u>, No. 06 Civ. 6483 (S.D.N.Y. Dec. 12, 2011).

## Request No. 17 - DISPUTED

## JURORS NOT TO CONSIDER RELIEF

You are to determine whether the [SEC has met its burden of proving]** Defendants are liable for violating the federal securities laws.  This is not the kind of case in which the jury decides what relief should be awarded against the Defendants.  That will be my job if you find the Defendants liable.  In considering whether the [SEC has met its burden of proving]** Defendants are or are not liable for violating the federal securities laws, the question of what remedy I might impose if you were to find the Defendants liable should not in any way enter into or influence your deliberations.  But as I have previously instructed you, because this is a civil case, Defendants' liability will not result in any term of imprisonment.*

* The AGF Defendants object to this instruction in its entirety.

* The PAA Defendants object to the grey-highlighted language: "Prejudicial.  Instructing the jury that Defendants will not be imprisoned as a result of a liable verdict, is wholly inconsistent with the prior instruction that remedies "should not in any way enter into or influence" their deliberations.  This language also inappropriately suggests that a liable verdict should be taken lightly since defendant will not be imprisoned.  Such a suggestion in the minds of the jury is erroneous, as a liable verdict will have profound adverse effects on the defendants' and their families' lives."

** The SEC objects to the bracketed language, proposed by the PAA Defendants, as being unduly repetitive about the party who bears the burden of proof, which the jury will have received at least a half dozen other instructions about.

**Authority**:   The charge of Judge J. Rakoff in <u>SEC v. Payton</u>, 14 Civ. 4644 (S.D.N.Y. Apr. 4, 2016); the charge of Judge J.O. Browning in <u>SEC v. Goldstone</u>, No. 12 Civ. 257 (D.N.M. June 24, 2016); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge S.D. Wigenton in <u>SEC v. Teo</u>, No. 04 Civ. 1815 (D.N.J. May 25, 2011).

41

**Request No. 18**

**GOVERNMENT AS A PARTY**

As you know, the plaintiff in this case is the SEC, an agency of the federal government. You should decide this case as an action between persons of equal standing in the community and of equal worth.  A government agency is entitled to the same fair trial as an individual, and a private individual is entitled to the same fair trial as a government agency.  All parties stand equal before the law.

**Authority:**    The charge of Judge S.A. Scheindlin in SEC v. Wyly, 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge K.B. Forrest in SEC v. Tourre, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge J.S. Rakoff in SEC v. Stoker, No. 11 Civ. 7388 (JSR) (S.D.N.Y. July 31, 2012); the charge of Judge L. Swain in SEC v. O'Meally, No. 06 Civ. 6483 (S.D.N.Y. Dec. 12, 2011); the charge of Judge J.C. Hall in SEC v. Kwak, No. 04 Civ. 1331 (D. Conn. Nov. 19, 2007); the charge of Judge W.H. Pauley in United States v. Ware, 05 Cr. 1115 (S.D.N.Y. Apr. 27, 2007); Seventh Circuit Federal Jury Instructions (Civil), Instr. 1.0 (2010).

**INSTRUCTIONS AS TO SPECIFIC CLAIMS**

**Request No. 1 - DISPUTED**

**SECURITIES FRAUD:  STATUTORY PURPOSE**

I will now turn to the law that applies to the specific claims in this case.

The SEC alleges that the Defendants engaged in conduct that violated certain federal statutes and a federal rule that the SEC has adopted under that statute.  A statute is legislation that the United States Congress has enacted.  The statutes at issue in this case are the Securities Act of 1933, which I will refer to as the "Securities Act," and the Securities Exchange Act of 1934, which I will refer to as the "Exchange Act."

I shall briefly discuss the history and purpose of this statute to provide you with a better understanding of its purpose.  The Securities Act and Exchange Act were two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.  I shall briefly discuss its history and purpose to provide you with a better understanding of the entire legislative scheme.

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this legislation was the Securities Act, to protect the investing public.  and the creation of the SEC.  The Securities Act was enacted to protect the investing public in the purchase of stock that is publicly distributed.  The Securities Act requires full and fair disclosure of all important facts so that the investing public can make informed investment decisions. When it enacted the Securities Act, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in a grocery store in that the average investor is not in a position to make a personal investigation to determine the worth, quality and value of securities.

Following enactment of the Securities Act, Congress passed the Exchange Act, to ensure fair dealing and to outlaw deceptive and inequitable practices by those who sell or buy securities. Among the primary objectives of the Exchange Act is the maintenance of fair and honest

securities markets.  The statute and rules under it are designed to support investor expectations that the securities markets are free from fraud and to prevent a wide variety of devices and schemes that are contrary to a climate of fair dealing.  Congress recognized that any deceptive or manipulative practice that influenced or related to trading activity undermined the function and purpose of a free market and the integrity of securities transactions.

In passing this law, Congress allowed the SEC to establish, in the public interest and for the protection of investors, rules and regulations prohibiting certain conduct in the offering, purchase or sale of securities.  These Rules have the effect of law and you should treat them as such.

The anti-fraud provisions of the Securities Act, of the Exchange Act, and of the Rules established thereunder, are designed to control and remedy schemes to defraud.  The particular sections of the Securities Act and of the Exchange Act charged in this case are designed to protect investors by requiring full and truthful disclosure of all important facts in connection with the purchase and sale of securities, to prevent investors from being victimized by fraud.  If the SEC believes that a person or company has violated the securities laws, it is authorized to bring a lawsuit against that person or company.*

* The AGF Defendants wish to note an objection to the inclusion of this instruction as unnecessary and prejudicial.  The language of the instruction places undue and incorrect emphasis on "full" disclosure of "important" facts rather than the disclosure of material facts.

*The PAA Defendants also object to this instruction as it emphasizes disclosure of "all important facts" and fails to account for material facts in the total mix of information.  In addition, it is highly prejudicial to suggest to the jury that any "investors" were "victimized by fraud" while Defendants are being precluded from offering evidence showing that no investors suffered any damages whatsoever.

**Authority:**   The charge of Judge D.R. Hurley in <u>SEC v. Knight</u>, No. 04 Civ. 4057 (E.D.N.Y. Oct. 14, 2014); the charge of S.A. Scheindlin in <u>SEC v. Wyly</u>, No. 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge S.D. Wigenton in <u>SEC v. Teo</u>, No. 04 Civ. 1815 (D.N.J. May 25, 2011); the charge of Judge L. Swain in <u>SEC v.</u>

O'Meally, No. 06 Civ. 6483 (S.D.N.Y. Dec. 12, 2011); the charge of Judge V. Marrero in SEC v. Treadway, No. 04 Civ. 3464 (S.D.N.Y. June 28, 2006); the charge by Judge L. Sand in United States v. Rigas, 02 Cr. 1236 (S.D.N.Y. 2004); Eleventh Circuit Pattern Jury Instructions, Instr. 6.1 (2013); 4 L. Sand, et al., Modern Federal Jury Instructions (Civil), Instr. 82-2 (2011); SEC v. Zandford, 535 U.S. 813, 821-22 (2002) ("preserving the integrity of the securities markets was one of the purposes animating" the Exchange Act, as was the intent "to bar deceptive devices and contrivances in the purchase or sale of securities whether conducted in the organized markets or face to face") (quotation and citation omitted).

**Request No. 2**

**OVERVIEW OF THE VIOLATIONS CHARGED**

I will now instruct you on each of the SEC's claims.

In these instructions you will hear me use the word "security."  The term "security," for purposes of the SEC's claims in this case refers to investments or interests in AGF II.

The federal statutes at issue are the Securities Act and the Exchange Act I just described to you.  The SEC claims that, in violation of these statutes and rule, the Defendants made, or caused to be made, a number of false and misleading statements that were material, or made or caused to be made statements that omitted material facts that were required to be stated in order to make what was stated not misleading.  The Defendants deny the allegations against them.

In its First Claim for Relief, the SEC alleges that Defendants AGF II, PAA, Johnson and Allen committed securities fraud in violation of Section 10(b) and Rule 10b-5 of the Exchange Act.  I will refer to these claims as the Section 10(b) and Rule 10b-5 claims.

In its Second Claim for Relief, the SEC alleges that Defendants AGF II, PAA, Johnson, and Allen committed securities fraud in violation of Sections 17(a)(1), (2), and (3) of the Securities Act.  I will refer to these claims as the Section 17(a) claims.

In its Third Claim for Relief, the SEC alleges that Defendant Johnson violated Section 20(a) of the Exchange Act because he was a control person of AGF II and participated in the Section 10(b) and Rule 10b-5 and the Section 17(a) violations by AGF II.

In its Fourth Claim for Relief, the SEC alleges that Defendants Johnson and Wasserman violated Section 20(a) of the Exchange Act because they were control persons of PAA and participated in the Section 10(b) and Rule 10b-5 and the Section 17(a) violations by PAA.  I will refer to the Third and Fourth Claims for Relief as the "control person" claims.

47

In its Fifth Claim for Relief, the SEC alleges that Defendants Johnson, Allen, and Wasserman (who I will at times refer to as the "Individual Defendants") aided and abetted Defendant AGF II's violations of Section 10(b) and Rule 10b-5 and Section 17(a).

In its Sixth Claim for Relief, the SEC alleges that Defendants Allen and Wasserman aided and abetted Defendant Johnson's violations of Section 10(b) and Rule 10b-5 and Section 17(a), and in its Seventh Claim for Relief, the SEC alleges that Defendants Allen and Wasserman aided and abetted Defendant PAA's violations of Section 10(b) and Rule 10b-5 and Section 17(a).

In its Eight Claim for Relief, the SEC alleges that Defendant Wasserman aided and abetted Defendant Allen's violations of Section 10(b) and Rule 10b-5 and Section 17(a).  I will refer to the Fifth, Sixth, Seventh, and Eight Claims for Relief as the "aiding and abetting" claims.

These are separate charges, and you need not find that any Defendant committed all of the alleged violations in order to find that he or it committed one or more of the alleged violations.  You must consider each violation independently.

Now, I will instruct you about the law that you are to apply in order to determine whether the SEC established the elements of the Section 10(b) and Rule 10b-5 claims by a preponderance of the evidence.  I will then instruct you about the law that you are to apply in order to determine whether the SEC established the elements of the Section 17(a) claims by a preponderance of the evidence.  I will then instruct you about the law that you are to apply to determine whether the SEC established the control person claims against the Individual Defendants.  I will then instruct you about the law that you are to apply to determine whether the SEC established the aiding and abetting claims against the Individual Defendants.  Finally, I will instruct you about the law that you are to apply to each of the defendants' defenses.

You should be aware that you will be asked to make a separate determination as to each defendant and as to each of the SEC's claims.  Accordingly, you will be required to separately consider what the SEC's claims are against each defendant, and what the evidence is as to each defendant and as to each claim.  Keep in mind that, in order to prevail, the SEC must prove each element of its claims by a preponderance of the evidence.

You will not be asked to determine what legal relief the SEC is entitled to if you determine that it has met its burden as to one or more of its claims.  What relief might later be awarded in this case should play no role in your determinations.

**Authority:**          The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge J.S. Rakoff in <u>SEC v. Stoker</u>, No. 11 Civ. 7388 (JSR) (S.D.N.Y. July 31, 2012); the charge of Judge J.C.  Hall in <u>SEC v. Kwak</u>, No. 04 Civ. 1331 (D. Conn. Nov. 19, 2007); 4 L. Sand et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 82-1 & 83-1 (2011).

**Request No. 3**

**SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR RELIEF)**

With respect to the Section 10(b) and Rule 10b-5 claims, the SEC must prove by a preponderance of the evidence three things about the particular Defendant you are considering. The first two things that the SEC must prove are that the Defendant:

(1) used any means or instrumentality of interstate commerce, or of the mails;

and (2) acted with scienter – that is, acted knowingly with intent to defraud or with reckless disregard for the truth.

The third thing the SEC must prove is that the Defendant did **one** of the following three things:

In connection with a purchase of a security, directly or indirectly:

(a) employed a device, scheme, or artifice to defraud;

(b) made an untrue statement of a material fact or failed to state a material fact that was necessary to prevent the statements that were made from being misleading under the circumstances; **or**

(c) engaged in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person; and

For purposes of its Section 10(b) and Rule 10b-5 claims, the SEC need not establish all three types of unlawful conduct in connection with the purchase or sale of AGF II shares. Proof of any one or more of these three types by a preponderance of the evidence is sufficient to establish a Section 10(b) and Rule 10b-5 claim. Each of the three subparts can constitute a separate violation of Section 10(b) and Rule 10b-5, and a particular Defendant may violate one or more of the three different subparts of Rule 10b-5, thereby violating Section 10(b).

You must be unanimous as to which type of unlawful conduct was committed by a particular defendant, however.

The SEC need not prove that the defendant you are considering personally directly employed a device to defraud, made false and misleading statements,  omitted material facts, or engaged in any act, practice, or course of business that operated or would have operated as a fraud or deceit.  It is sufficient if the SEC establishes that the defendant caused the use of a deceptive device, or the dissemination of the misleading statement, or the omission of material facts, or the act, practice, or course of business that operated or would have operated as a fraud or deceit.

What do the phrases "directly" or "indirectly" mean?  The word directly has a straightforward, everyday meaning.  If I give a chair to you, you have gotten or received or obtained that chair, (that property) directly from me.  Indirect also has a straightforward everyday meaning: It means the path by which the money or the property is obtained need not be direct; that is, there can be intervening people or entities to whom the money or property goes to or through first.  If you find that AGF II, PAA, Johnson, or Allen obtained money or property even indirectly as the result of conduct in this subpart, that is sufficient.

**Authority:**     The charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, No. 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge D.R. Hurley in <u>SEC v. Knight</u>, No. 04 Civ. 4057 (E.D.N.Y. Oct. 14, 2014); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge V. Marrero in <u>SEC v. Treadway</u>, No. 04 Civ. 3464 (S.D.N.Y. June 28, 2006); the charge of Judge D.R. Hurley in <u>SEC v. Knight</u>, No. 04 Civ. 4057 (E.D.N.Y. Oct. 14, 2014) (DRH).

**Request No. 4**

**SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR RELIEF)—NO INVESTOR LOSS IS REQUIRED**

I will next explain each of these concepts in more detail.  Before I do, you should know that the SEC does not need to prove that anyone, including any investor, actually relied on Defendants' alleged misstatements.  The SEC also does not need to prove that anyone suffered or would suffer any damages or harm as a result of Defendant's alleged fraud.  You should not consider whether any person lost or made money in determining whether Defendants AGF II, PAA, Johnson, or Allen are liable for the Section 10(b) and Rule 10b-5 claims.

**Authority:**  The charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge J.S. Rakoff in <u>SEC v. Stoker</u>, No. 11 Civ. 7388 (JSR) (S.D.N.Y. July 31, 2012); the charge of Judge W.H. Pauley in <u>United States v.  Ware</u>, 05 Cr. 1115 (S.D.N.Y. Apr. 27, 2007); the charge of Judge J.C. Hall in <u>SEC v. Kwak</u>, No. 04 Civ. 1331 (D. Conn. Nov. 19, 2007); Eleventh Circuit Pattern Jury Instructions, Instr. 6.1 (2013) (omitting reliance and causation in SEC action); 4 L. Sand et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 82-3, 82-4 (2011); <u>SEC v. Simpson Capital Mgmt., Inc.</u>, 586 F. Supp. 2d 196, 201 (S.D.N.Y. 2008) ("SEC is not required to prove investor reliance, loss causation, or damages in an action for securities fraud."); <u>SEC v. KPMG, LLP</u>, 412 F.  Supp. 2d 349, 375 (S.D.N.Y. 2006) (same); <u>SEC v. Credit Bancorp, Ltd.</u>, 195 F.  Supp. 2d 475, 490-91 (S.D.N.Y. 2002) (same) (citing <u>SEC v. North Am.  Research & Dev.  Corp.</u>, 424 F.2d 63, 84 (2d Cir.  1970)).

**Request No. 5**

**SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR RELIEF)—
"MEANS OR INSTRUMENTALITIES OF INTERSTATE COMMERCE"**

First, you need to find that each Defendant used an "instrumentality of interstate commerce" or the mails—this includes the use of the postal mails, e-mails, telephone, television, telegraph, electronic funds transfers, telefax, interstate highway system, Internet and similar methods of communication and travel from one state to another within the United States.  It is not necessary that any misrepresentation or omission actually occurred during the use of the mails or instrumentality of interstate commerce; what is required is that the mails or instrumentality of interstate commerce was used in some phase of the transaction.

The use of the means of interstate commerce or a national securities exchange need not be central to the execution of the scheme. Indeed, such use may be entirely incidental and still satisfy the requirements of the law.

It is also not necessary that the Defendant be directly or personally involved in the use of interstate commerce or a national securities exchange. If the Defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of any means or instrumentality of interstate commerce, such as the telephone, the mails, or any facility of any national securities exchange, then you may find that he caused one or more of those interstate instruments to be used.

**Authority:**    The charge of Judge R. Abrams in U.S. v. Tagliaferri, No. 13 Cr. 0115 (S.D.N.Y. July 17, 2014); the charge of Judge D.R. Hurley in SEC v. Knight, No. 04 Civ. 4057 (E.D.N.Y. Oct. 14, 2014); the charge of Judge J.O. Browning in SEC v. Goldstone, No. 12 Civ. 257 (D.N.M. June 24, 2016); the charge of Judge A.D. Montgomery in SEC v. Quan, No. 11 Civ. 723 (D. Minn. Jan. 14, 2014); the charge of Judge J.S. Rakoff in SEC v. Stoker, No. 11 Civ. 7388 (S.D.N.Y. July 31, 2012); the charge of Judge L.T. Swain in SEC v. O'Meally, No. 06 Civ. 6483 (S.D.N.Y. Dec. 12, 2011).

**Request No. 6**

**SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR RELIEF)—
"IN CONNECTION WITH"**

You need not find that the defendant you are considering actually participated in a securities transaction if the defendant was engaged in fraudulent conduct that was "in connection with" a purchase or sale of investments in AGF II. "In connection with" is broadly and flexibly defined, and it is sufficient if the alleged fraudulent conduct coincided with a purchase or sale of investments in AGF II.

Accordingly, the "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between AGF II, PAA, Johnson and/or Allen's allegedly fraudulent conduct and the purchase or sale of AGF II investments. This "nexus" between the alleged fraudulent conduct and a purchase or sale may be satisfied where someone bought AGF II investment shares during the period of allegedly fraudulent conduct.

It is undisputed here that purchases or sales of AGF II investments were made during the period between March 2011 and January 2014.

**Authority:**   The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012).

**<u>Request No. 7 - DISPUTED</u>**

**SECTION 10(b) AND RULE 10b-5(a) CLAIMS (FIRST CLAIM FOR RELIEF)
"DEVICE, SCHEME, OR ARTIFICE TO DEFRAUD"**

One of the three ways for the SEC to establish a Section 10(b) and Rule 10b-5 claim is to establish what is called a Rule 10b-5(a) claim which, as a reminder, prohibits directly or indirectly employing a device, scheme, or artifice to defraud (if the other elements, "instrumentalities of interstate commerce" and "scienter" described previously and below, are met).

A 'device, scheme, or artifice to defraud' describes the particular mechanism by which a person accomplishes a fraudulent objective. A person has violated this provision if they have engaged in conduct that produces a false impression.*  Fraud is a general term which embraces all efforts and means that individuals devise to take advantage of others by deception.

It is no defense to a scheme to defraud allegation that the defendant under consideration was not involved in the scheme from its inception or did not have direct contact with purchasers of AGF II shares.  It is sufficient if the defendant, [with intent to defraud,]** participated in the scheme or fraudulent conduct that involved the purchase of AGF II shares.

Additionally, it does not matter whether the alleged fraud was successful or not.  The SEC need not prove that the defendant profited or received any benefits as a result of the alleged fraudulent conduct.  It is not necessary that an actual investor lost money.

* The Defendants object to the use of "false impression" language and to this sentence, as an incorrect statement of the law.

** The SEC objects to the inclusion of this non-standard instruction and as incorrectly suggesting that only intentional or knowing participations in a scheme to defraud are actionable, and object to the repetitive inclusion of some elements of the charged claims in instructions that define legal terms contained in other elements, which inappropriately suggests to the jury that some elements are more important than others.

**Authority:**   The charge of Judge D.R. Hurley in <u>SEC v. Knight</u>, No. 04 Civ. 4057 (E.D.N.Y. Oct. 14, 2014); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012).

**Request No. 8**

**SECTION 10(b) AND RULE 10b-5(b) CLAIMS (FIRST CLAIM FOR RELIEF)—
"MADE"**

As I instructed you before, the second of the three ways in which the SEC can prove that

the Defendants are liable for the Section 10(b) and Rule 10b-5 claims is if it proves what is

called a Rule 10b-5(b) claim, that is, that any Defendant "made" the statements the SEC alleges

are materially misleading (if the other elements, "instrumentalities of interstate commerce" and

"scienter" described previously and below, are met).  The person who "made" a statement is

defined under the law as the person to whom the statement is attributed.

Statements should be considered in the context of a whole document or a whole assertion.

To find that a Defendant made a misrepresentation, you must find that he personally made the

alleged misstatement **or** was the person with ultimate authority over the statement.  Attribution

to a particular person within a statement or implicit from surrounding circumstances is strong

evidence that a statement was "made" by the party to whom it is attributed.

For an oral statement, the person who actually uttered the statement to the public is the

statement's "maker."  For a written statement, the person who signed the document or whose

name is borne on the document in a matter showing that he has ultimate authority over the

statement is the statement's "maker."

The "maker" of a statement is the person who takes credit for what is ultimately said.

Evidence that a person's name features prominently on a document as a contributor or author,

that the document has a person's signature, or that a document identifies a person's contributions

to it, is evidence that that person is the maker of the statements in the document.

It is not necessary that a Defendant communicate directly with investors to be the

"maker" of a statement.  Where one person has drafted, and has ultimate authority over a

statement, he does not lose his status as a "maker" simply because someone else may have been responsible for delivering the document that contains the statement to the investors.  As long as a drafter exercises control over the content of the statement, as well as the means of dissemination, that is evidence that he is the "maker."

A statement can have more than one "maker."  Thus, if one person drafts or directs the content of the statement, and someone else has authority over the contents or delivery of the statement to the investor, both he and the person to whom the statements are attributed can be the "maker" of the statement.

| | |
|---|---|
| **Authority:** | The charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge R.J. Howell in <u>In re Vivendi Universal, S.A. Securities Litigation</u>, No. 02 Civ. 5571 (S.D.N.Y. Mar. 26, 2010); <u>Janus Capital Group, Inc. v. First Derivative Traders</u>, 564 U.S. 135, 142-44 (2011) ("the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it" and "in the ordinary case, attribution within a statement or implicit from surrounding circumstances is strong evidence that a statement was made by . . . the party to whom it is attributed"); <u>id.</u> at 147 n. 11 ("as long as a statement is made, it does not matter whether the statement was communicated directly or indirectly to the recipient"); Lorenzo v. <u>SEC</u>, 872 F.3d 578 (D.C. Cir. 2017); <u>SEC v. Pentagon Capital Mgmt.</u>, 725 F.3d 279, 286-87 (2d Cir. 2013)**Error! Bookmark not defined.** (rejecting argument that a defendant "may not be held liable [as a maker] because [he] did not communicate directly" with the victim of the fraud); <u>Glickenhaus & Co. v. Household Int'l, Inc.</u>, 787 F.3d 408, 426 (7th Cir. 2015) (nothing in <u>Janus</u> precludes a statement from having multiple makers); <u>In re Puda Coal Secs. Inc. Litig.</u>, 30 F. Supp. 3d 261, 267 (S.D.N.Y. 2014) (allegations that "[t]he front cover of [a] prospectus prominently displayed [defendants'] names" and about their contributions to the content were sufficient to support a claim that defendants were "makers" and holding more than one party liable as "makers" of a particular statement); <u>Scott v. ZST Digital Networks, Inc.</u>, 896 F. Supp. 2d 877, 890-91 (C.D. Cal. 2012) (an allegation that a defendant's "name was featured prominently" on the offending documents was sufficient to sustain a claim that defendant was the maker); <u>SEC v. Daifotis</u>, 874 F. Supp. 2d 870, 877 (N.D. Cal. 2012) (defendant who made statements "with the intent and reasonable expectation that such statement would be relayed to the investing public" |

is the maker of the statement, and "the fact that [a] quote was attributed to a defendant in a public statement released to investors" was sufficient for a jury to conclude that the defendant was the "maker"); In re Nat'l Century Fin. Enter., Inc., 846 F. Supp. 2d 828, 861 (S.D. Ohio 2012) (the fact that a party's "name [appeared] prominently on the front pages" of a document was sufficient).

**<u>Request No. 9 - DISPUTED</u>**

**SECTION 10(b) AND RULE 10b-5(b) CLAIMS (FIRST CLAIM FOR RELIEF)—
"UNTRUE STATEMENT OR OMISSION"**

With regard to the alleged misrepresentations or omissions to establish a Rule 10b-5(b) claim, you must determine whether the statements that a particular Defendant may have made or caused to be made were true or false when made -- and in the case of an alleged omission -- whether the statements that particular Defendant may have made or caused to be made were misleading or incomplete without the disclosure of some omitted fact. You may find that statements of half-truths, or statements that omit important facts, are deceptive under Section 10(b) and Rule 10b-5(b) even if the spoken or written words were literally true. The deception need not be based on spoken or written words alone. The circumstances in which the statements are made may make literally accurate statements false or deceptive.

In addition to fraud by misstatement or by omission of a fact that is necessary to make a statement not deceptive, in certain situations, the law imposes an affirmative obligation on a person to disclose facts because, in the absence of disclosure, the person's actions can defraud or deceive another person. Thus, the law imposes an affirmative duty of disclosure when disclosure is needed to prevent a prior statement, even if accurate when made, from becoming false or misleading. And, where a person makes a representation of his future intention to conduct himself in a certain way, if that representation becomes false while his conduct is still expected or is ongoing, the person has a duty to disclose information to update his prior representation**

It is only necessary for the SEC to prove that a particular Defendant made one material misstatement or omission during the relevant period in order to find that particular Defendant liable. It is not necessary for the SEC to prove every untrue statement or omission, but you must

be unanimous as to which particular misstatement or omission you find was materially

misleading and made with scienter by a particular Defendant.*


**SEC Authority:**     The charge of Judge R. Abrams in <u>U.S. v. Tagliaferri</u>, No. 13 Cr. 0115
(S.D.N.Y. July 17, 2014); the charge of Judge A.D. Montgomery in <u>SEC
v. Quan</u>, No. 11 Civ. 723 (D. Minn. Jan. 14, 2014); <u>SEC v. Gabelli</u>, 653
F.3d 49, 57 (2d Cir. 2011) <u>rev'd on other grounds,</u> 133 S.Ct. 1216 (2013)
("The law is well settled, however, that so-called 'half-truths' – literally
true statements that create a materially misleading impression – will
support claims for securities fraud."); <u>In re Centerline Sec. Litig.</u>, 380 F.
App'x 91, 93 (2d Cir. 2010) (duty to disclose "can arise from the need to
make prior statements not misleading").

* The AGF Defendants object to the highlighted language as unnecessary.

**Request No. 10 - DISPUTED**

**SECTION 10(b) AND RULE 10b-5(b) CLAIMS (FIRST CLAIM FOR RELIEF)—
"MATERIAL FACT"**

If you find that the SEC has proved by a preponderance of the evidence that a statement
was false or a fact was omitted that was required to be stated in order to make what was stated
not misleading, you must next determine whether the fact misstated or omitted was "material"
under the circumstances.

A fact is "material" if there is a substantial likelihood that a reasonable investor would
have considered it important in deciding whether to invest in AGF II.  An omission is "material"
if there is a substantial likelihood that a reasonable investor would have viewed the disclosure of
that fact as significantly altering the total mix of information available to someone deciding
whether to invest in AGF II.  It is not necessary that the information be of such importance that it
would actually cause an investor to change their mind about whether to invest in AGF II.
Materiality must be assessed on the basis of the circumstances existing at the time AGF II
investments were offered for investment, rather than by hindsight.

Because the law forbids the making of material misrepresentations or material omissions
in such circumstances, it does not matter whether the investors to whom they were made were
sophisticated or unsophisticated.  The SEC also need not establish that the alleged unlawful
conduct was successful – in other words, the SEC need not prove that investors to whom the
misleading statements were made actually invested in AGF II.**  Finally, it does not matter
whether the Defendant under consideration profited or received any benefit as a result of the
misleading statements.

To satisfy this element, and to prevail on its claims under Section 10(b) and Rule 10b-
5(b), the SEC need not show that a reasonable AGF II investor would have made a different

purchasing decision if there had been no allegedly misleading statements or omission.  Nor is the SEC required to prove that any investor actually relied on one or more of the allegedly misleading statements or omissions in making a decision to invest in AGF II.  Nor is the SEC required to show that one or more of the allegedly misleading statements or omissions caused an investor to lose money.

To establish materiality, the SEC must ==only==* show that a reasonable investor would have viewed the disclosure of that fact as significantly altering the total mix of information available to someone deciding whether to invest in AGF II.

| | |
|---|---|
| **Authority:** | The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge S.D. Wigenton in <u>SEC v. Teo</u>, No. 04 Civ. 1815 (D.N.J. May 25, 2011); the charge of Judge V. Marrero in <u>SEC v. Treadway</u>, No. 04 Civ. 3464 (S.D.N.Y. June 28, 2006); <u>SEC v. Morgan Keegan & Co., Inc.</u>, 678 F.3d 1233, 125 (11th Cir. 2012) ("because due diligence focuses on whether 'the carelessness of a plaintiff should preclude his recovery,' it is properly considered only in a private action brought by an investor, not an SEC enforcement action"). <u>Cf.</u> <u>Dale v. Rosenfeld</u>, 229 F.2d 855 (2d Cir. 1956) ("Availability elsewhere of truthful information cannot excuse untruths or misleading omissions in the prospectus."). |

*: The Defendants object to the inclusion of the highlighted language.

**: The Defendants will not object to this language should evidence be admitted at trial that offers of AGF II securities were made that did not result in purchases or sales.

**Request No. 11 - DISPUTED**

**SECTION 10(b) AND RULE 10b-5(c) CLAIMS (FIRST CLAIM FOR RELIEF)—ACT, PRACTICE, OR COURSE OF BUSINESS WHICH OPERATED OR WOULD OPERATE AS A FRAUD OR DECEIT**

The third way for the SEC to establish a Section 10(b) and Rule 10b-5 claim is to establish what is called a Rule 10b-5(c) claim which, as a reminder, prohibits directly or indirectly engaging in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person (if the other elements, "instrumentalities of interstate commerce" and "scienter" described previously and below, are met).

As I mentioned, fraud is a general term which embraces all efforts and means that individuals devise to take advantage of others by deception. A person has violated this provision if they have engaged in conduct that produces a false impression. *

The word "would" as in "would operate as a fraud or deceit upon any person" means that the acts or practices need not have succeeded in defrauding someone.

* The Defendants object to the use of "false impression" language and to this sentence, as an incorrect statement of the law.

**Authority:**   The charge of Judge D.R. Hurley in <u>SEC v. Knight</u>, No. 04 Civ. 4057 (E.D.N.Y. Oct. 14, 2014).

**<u>Request No. 12 - DISPUTED</u>**

**SECTION 10(b) AND RULE 10b-5 CLAIMS (FIRST CLAIM FOR RELIEF)—
"SCIENTER"**

The SEC must also establish by a preponderance of the evidence that the defendant you are considering acted with "scienter" – that is, acted knowingly with intent to defraud or with reckless disregard for the truth.  The question of whether a person acted with scienter is a question of fact for you to determine, like any other fact question.  This question requires you to make a determination as to one's state of mind at the time a statement was made, rather than with the benefit of hindsight.

"Intent to defraud," in the context of the securities laws, means to act knowingly and with the intent to deceive.  A person acts "knowingly" when he acts intentionally and deliberately, rather than mistakenly or inadvertently.  A person acts "recklessly" when he engages in conduct that involves an extreme departure from the standard of ordinary care, such that the risk of misleading investors was either known to the defendant or so obvious that the defendant must have been aware of it.  In the context of securities law, a person acts recklessly if he makes a false statement with reckless disregard for whether a statement is true or false or, in the case of omissions, makes a statement with reckless disregard for the material nature of those omissions.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.  A person's subjective intent and knowledge may be established through circumstantial evidence, including evidence of the person's words, conduct, and acts; the surrounding circumstances; and the rational or logical inferences that may be drawn therefrom.

The SEC can also prove scienter by establishing that a defendant acted with reckless disregard for the truth.  In the context of securities laws, a person acts recklessly if he makes a false statement with reckless disregard for whether it is true or not.  To act recklessly means to engage in conduct that represents an extreme departure from the standards of ordinary care.  It is not necessary for you to find that the defendant intended to injure.  It is sufficient that he acted in reckless disregard of a danger of misleading investors that an ordinary person in the circumstances would have seen as an obvious one.  In the case of an omission or failure to disclose, it is sufficient that he recklessly disregarded the material nature of his omissions or nondisclosure.

An egregious refusal to see the obvious or [an egregious refusal]* to investigate the doubtful can also establish recklessness.  [Keep in mind, however, that mere negligence will not suffice to prove scienter.]* For example, recklessness is also established if you find that one of AGF II, PAA, Johnson, or Allen was aware of facts or had access to information contradicting their statements to actual or potential investors so that he knew or should have known that he was misrepresenting material facts related to AGF II, or facts demonstrated he failed to review or check information that he had a duty to monitor or ignored obvious signs of fraud**.

The fact that a defendant did not intend to harm investors does not necessarily negate a finding of scienter.  No amount of good faith belief on the part of the Defendant that investors will ultimately make a profit will excuse fraudulent actions.*

* The AGF and PAA Defendants object to the inclusion of the highlighted language as assuming facts not in evidence and prejudicial.


**Authority:**   The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y. May 7, 2014); the charge of Judge K.B. Forrest in

<u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. July 31, 2013); the charge of Judge
L.T. Swain in <u>SEC v. O'Meally</u>, No. 06 Civ. 6483 (S.D.N.Y. Dec. 12, 2011); the
charge of Judge S.D. Wigenton in <u>SEC v. Teo</u>, No. 04 Civ. 1815 (D.N.J. May 25,
2011); the charge of Judge W.H. Pauley in <u>United States v. Ware</u>, No. 05 Cr.
1115 (S.D.N.Y. Apr. 27, 2007); the charge of Judge V. Marrero in <u>SEC v.
Treadway</u>, No. 04 Civ. 3464 (S.D.N.Y. June 28, 2006); Eleventh Circuit Pattern
Jury Instructions, Instr. 6.2 (2013); Ninth Circuit Model Jury Instructions
18.(Civil) (2007); 4 Sand,  et al., <u>Modern Federal Jury Instructions (Civil)</u>, Instr.
82-8 (2011); <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S.  308, 319
(2007) (scienter is "mental state embracing intent to deceive, manipulate, or
defraud"); <u>Herman & Maclean v. Huddleston</u>, 459 U.S. 375, 390 n. 30 (1983)
(circumstantial evidence "can be more than sufficient" proof of scienter); <u>SEC v.
McNulty</u>, 137 F.3d 732, 741 (2d Cir. 1998) (scienter "may be established through
a showing of reckless disregard for the truth, that is, conduct which is highly
unreasonable and which represents an extreme departure from the standards of
ordinary care.").

**Request No. 13 – DISPUTED**

**RELIANCE OF COUNSEL**

You have heard evidence from the SEC and the PAA Defendants about the advice and involvement of lawyers throughout the relevant time period.  I want to give you some guidance about how to evaluate this evidence.

Reliance on the advice of lawyers is not a complete defense to a charge of fraud; however, it is a factor that you may consider in deciding whether the PAA Defendants acted knowingly, recklessly, or negligently.  Some of the factors you may consider in determining whether a PAA Defendant relied on the advice of counsel in good faith are: whether the defendant, in good faith, sought advice as to the legality of his conduct from an attorney he considered competent to advise him on the matter; whether the defendant made a full and complete disclosure to counsel; whether the defendant received advice that his conduct was legal; and whether defendant relied on that advice in good faith.

Receiving "advice of counsel" means that a lawyer provided the defendant actual advice; simply meeting with or consulting counsel does not constitute receiving advice of counsel.  In addition, silence of counsel is not advice of counsel.  Although good faith reliance on advice of counsel is a factor that you may consider, a defendant cannot rely on advice in good faith if the defendant knows, or is reckless in not knowing, that his conduct violates the law, notwithstanding what the lawyer advised.

In short you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his or her acts shall be lawful.  If he or she did so, it is the law that a defendant cannot be held liable for any violation of securities laws that involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.*

68

You should note that this defense applies, if it all, to the PAA Defendants and not to the

AGF Defendants, who do not make any argument that they sought or obtained advice from a

lawyer.

**Authority:**     The charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y. May 7, 2014).

\* The SEC objects to the redlined language, proposed by the PAA Defendants, as a statement that is contrary to law and for which there is no support in case law or other jury instructions.  In particular, it is an incorrect statement of law to say that the PAA Defendants may be found not liable simply because the jury finds that a "defendant intended that his or her acts shall be lawful."  The instruction that the PAA Defendants propose applies in criminal cases, as in the *Sully* case they rely upon, whereas the instruction the SEC proposes relies on an SEC civil case tried in this District.  The SEC further reserves the right to request a further modification of this instruction depending on what evidence of advice of and reliance on counsel is actually presented at the trial.

\* The PAA Defendants propose the redline language based on the Second Circuit's recent decision in *United States v. Scully*, 877 F.3d 464, 477-78 (2d Cir. 2017), which provides that language as guidance to District Court's in drafting jury instructions relating to the advice of counsel defense.

**Request No. 14 - DISPUTED**

**SECTION 17(a) CLAIMS (SECOND CLAIM FOR RELIEF)**

In its Second Claim for Relief, the SEC claims that AGF II, PAA, Johnson, and Allen

violated Section 17(a) of the Securities Act.  Section 17(a) of the Securities Act generally

prohibits fraud in the offer or sale of securities.

In order for you to find a violation of Section 17(a), the SEC must prove by a

preponderance of the evidence that, in the offer or sale of investments in AGF II, AGF II, PAA,

Johnson, and/or Allen, by the use of any means or instrumentalities of transportation or

communications in interstate commerce or by use of the mails, directly or indirectly:

(1) employed any device, scheme, or artifice to defraud; or

(2) obtained money or property by means of any untrue statement of a material fact or
any omission to state a material fact necessary in order to make the statements made, in
the light of the circumstances under which they were made, not misleading; or

(3) engaged in any transaction, practice, or course of business which operates or would
operate as a fraud or deceit upon the purchaser.

For purposes of its Section 17(a) claim, the SEC is relying on the same alleged

misstatements or omissions that I read to you in discussing the SEC's Section 10(b) and Rule

10b-5 claims.  Please refer back to those statements.  Remember, as to AGF II, PAA, Johnson

and Allen, these alleged misstatements and omissions concern the existence of audits for AGF II,

including the statements I read to you before.  And, as to AGF II and Johnson, these statements

and omissions include statements about the Board of Managers of AGF Management II, and

omissions from investor account statements about the alleged non-performing status of the loans

that AGF II had made to borrowers through AGF LLC.

The elements of a Section 17(a) violation are substantially the same as those under

Section 10(b) and Rule 10b-5, which I have already instructed you on, including the definition of

"use of any means or instruments or communications in interstate commerce," "untrue statement of a material fact or any omission," and "device, scheme, or artifice to defraud" and "transaction, practice, or course of business."  Please refer back to my previous definition of those phrases.

However, there are three important differences between the Section 17(a) claims and the Section 10(b) and Rule 10b-5 claims, which I will now explain.

First, while the SEC must establish "scienter" (i.e., intent to defraud) to prove a violation of subsection (1) of Section 17(a), to prove a violation of subsections (2) and (3) of Section 17(a), the SEC need only prove that a defendant acted with "negligence." This means that even if you find that a defendant did not violate Section 10(b), Rule 10b-5, or Section 17(a)(1) – because that defendant did not act with "scienter" – you may nonetheless find that defendant liable under Sections 17(a)(2) and (3) if that defendant acted "negligently."

==Negligence" is the failure to== [However, you will still need to find that each defendant failed to]* use reasonable care, which is the degree of care that a reasonably careful person would use under like circumstances.  Negligence may consist either of doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances [and you must also find each element of the violation, including that the statements were material]*.

You should be aware that where a claim only requires that the defendant acted "negligently," you may still find that the defendant violated the law if you find that the defendant acted knowingly or recklessly. Negligence is simply the minimum that you must find.

71

The second difference between the Section 10(b) and Rule 10b-5 claims and the Section 17(a) claims is that, while Section 10(b) applies to conduct "in connection with" the purchase of securities, Section 17(a) applies to conduct in the "offer or sale" of securities.  This means that to establish a violation of Section 17(a), the SEC must prove by a preponderance of the evidence that the conduct of the defendant you are considering was committed during the "offer or sale" of investments in AGF II.

The phrase "offer or sale" is construed broadly, and proof of completed sales is not required for the SEC to prevail on a Section 17(a) claim.  An "offer" is any attempt or offer to dispose of or sell, or solicitation of an offer to buy.  In other words, an "offer" includes negotiations to sell, or attempts to produce the sale by urging or persuading another to act.**  The term "sale" means "every contract of sale or disposition of a security or interest in a security for value."  "Disposition" means a "final settlement or determination" of a matter.  "For value" means "for money or something else valuable."  The term "offer" means "every attempt or offer to dispose of a security or interest in a security, for value."

Not every communication between a sales force and an investor constitutes a statement made "in the offer or sale" of securities.  However, in deciding whether the statements cited by the SEC were made "in the offer or sale" of AGF II investments may consider whether these statements were made to urge investors to invest in AGF II.  No actual investment is required to find that the Defendants are liable for the Section 17(a) claim.

The final difference between Section 10(b) and Section 17(a) is that – to prove a violation of Section 17(a)(2) – the SEC must establish that the Defendant you are considering obtained money or property by means of the misstatement or omission.  In order to demonstrate that a defendant obtained money or property "by means of" one or more materially misleading

statements or omissions, the SEC need not prove that that Defendant him or itself made the

statements or omissions, but only that he or it used the statements or omissions to obtain money

or property.  In the context of this case, the SEC must prove that AGF II, PAA, Johnson, and/or

Allen used a material misrepresentation or material omission to obtain money or property,

directly or indirectly, for itself, or for its business.

\* The AGF Defendants object to the highlighted language and would include the bracketed
language.  The SEC objects.  The AGF Defendants' proposal again needlessly confuses the jury by
mixing portions of the instructions where the Court is merely defining the meaning of technical
legal terms, with unnecessary and confusing reminders about the elements of a charged violation.
Making the instructions repetitive and therefore confusing should be avoided.  Tellingly, the AGF
Defendants cite no instruction by any Court that adopts this repetitive approach.

\*\* The Defendants will not object to the inclusion of a definition of  "offer," should evidence be
admitted at trial that offers of AGF II securities were made that did not result in purchases or sales.

**Authority:**     The charge of Judge S.A. Scheindlin in <u>SEC v. Wyly</u>, 10 Civ. 5760 (S.D.N.Y.
May 7, 2014); the charge of Judge K.B. Forrest in <u>SEC v. Tourre</u>, No. 10 Civ.
3229 (S.D.N.Y. July 31, 2013); the charge of Judge P.G. Gardephe in <u>SEC v.
Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of
Judge J.S. Rakoff in <u>SEC v. Stoker</u>, No. 11 Civ. 7388 (S.D.N.Y. July 31, 2012);
the charge of Judge L.T. Swain in <u>SEC v. O'Meally</u>, No. 06 Civ. 6483 (S.D.N.Y.
Dec. 12, 2011); <u>SEC v. Monarch Funding Corp.</u>, 192 F.3d 295, 308 (2d Cir.
1999) (scienter not required under Sections 17(a)(2) and (3)); <u>SEC v. Tambone</u>,
550 F.3d 106, 122 (1st Cir. 2008) ("[B]ecause section 17(a) applies to both sales
and offers to sell securities, the SEC need not base its claim of liability on any
completed transaction at all."); <u>SEC v. Kelly</u>, 765 F. Supp. 2d 301, 319 (S.D.N.Y.
2011) (elements of 17(a)(1) are "essentially the same" as the elements of a claim
under Section 10(b)); <u>SEC v. Stoker</u>, No. 11 Civ. 7388 (JSR), 2012 WL 2708391,
at \*8 (S.D.N.Y. July 9, 2012) (so long as money was obtained by corporate entity
by means of misstatements, sufficient to hold individual responsible for them
liable under Section 17(a)(2)).

**Request No. 15**

**CONTROL PERSON LIABILITY SECTION 20(a) OF THE EXCHANGE ACT (THIRD AND FOURTH CLAIMS FOR RELIEF)—GENERAL INSTRUCTION**

I have just described to you what the SEC must prove in order to demonstrate that a Defendant has committed a direct or "primary" violation in the context of the Section 10(b) and Rule 10b-5 claims and of the Section 17(a) claims.  The SEC also alleges, however, that Johnson is liable as a "control person" for the Section 10(b) and Rule 10b-5 and the Section 17(a) violations by AGF II, and that Allen and Defendant Kerri Wasserman are liable as a "control person" for the Section 10(b) and Rule 10b-5 and the Section 17(a) violations by PAA, under Section 20(a) of the Exchange Act.  The SEC is alleging that Johnson is liable for AGF II's violations and that Allen and/or Wasserman are liable for PAA because they "controlled" those respective entities.

Section 20(a) of the Exchange Act provides that "[e]very person who, directly or indirectly, controls any person liable" under Section 10(b) or Rule 10b-5 or Section 17(a) "shall also be liable . . . to the same extent as such controlled person . . . ."  A "person" for purposes of Section 20(a) also includes a corporation such as AGF II or PAA.  This means that to establish liability as to Johnson under Section 20(a), the SEC must first prove a violation of Section 10(b) and Rule 10b-5 or of Section 17(a) by AGF II, the entity that Johnson allegedly controlled.  Similarly, to establish liability as to either Allen or Wasserman under Section 20(a), the SEC must first prove a violation of Section 10(b) and Rule 10b-5 or of Section 17(a) by PAA, the entity that Allen or Wasserman allegedly controlled.

**Authority:**  The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); 15 U.S.C. § 78t(a); <u>Boguslavsky v. Kaplan</u>, 159 F.3d 715, 720 (2d Cir. 1998) (setting forth elements for control person liability).

**Request No. 16**

**CONTROL PERSON LIABILITY SECTION 20(a) OF THE EXCHANGE ACT (THIRD AND FOURTH CLAIMS FOR RELIEF)—"CONTROL"**

I will now explain to you what it means for a defendant to control a direct violator of the securities laws.

Section 20(a) broadly defines control.  The following are accepted definitions of "control" under Section 20(a): any "indirect means of discipline or influence short of actual direction," or an "ability to exert influence, directly or indirectly, over the decision making process of another," or "the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise."

Under the law, more than one person can be a "control person" of an entity.  In this case, the SEC alleges that both Allen and Wasserman "controlled" PAA.  Your determination of whether Allen was a "control person" of PAA is not necessarily determinative of whether Wasserman was a "control person" of PAA.

**Authority:**   The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge J.O. Browning in <u>SEC v. Goldstone</u>, No. 12 Civ. 257 (D.N.M. June 24, 2016).

**Request No. 17**

**CONTROL PERSON LIABILITY SECTION 20(a) OF THE EXCHANGE ACT (THIRD AND FOURTH CLAIMS FOR RELIEF)—STATE OF MIND**

To establish control-person liability, the SEC must also prove that Johnson, Allen, or Wasserman, as the case may be, "culpably participated" in AGF II's (for Johnson) or PAA's (for Allen and Wasserman) alleged violation of Section 10(b) and Rule 10b-5 or of Section 17(a).  To establish that an individual Defendant was a "culpable participant" in a "primary" violation as previously defined, the SEC must prove that the individual defendant acted with knowledge that – or should have known that – the corporation (AGF II for Johnson, PAA for Allen and Wasserman) was engaging in fraudulent or deceptive conduct but did not take steps to prevent it. In the case of alleged inaction, the SEC must show that the defendant's inaction was deliberate and done intentionally to further the fraud or deception or was in conscious and reckless violation of a duty to act.

To summarize, to prevail on its Third Claim for Relief, the SEC must prove by a preponderance of the evidence that:

(1) AGF II committed a violation of Section 10(b) and Rule 10b-5 or of Section 17(a);

(2) Johnson directly or indirectly controlled AGF II; and

(3) Johnson was a culpable participant in the fraud perpetrated by AGF II.

Similarly, to prevail on its Fourth Claim for Relief as to either Allen or Wasserman, the SEC must prove by a preponderance of the evidence that:

(1) PAA committed a violation of Section 10(b) and Rule 10b-5 or of Section 17(a);

(2) Allen or Wasserman (as the case may be) directly or indirectly controlled PAA; and

(3) Allen or Wasserman (as the case may be) was a culpable participant in the fraud perpetrated by PAA.

**Authority:**    The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); <u>Armstrong v. McAlpin</u>, 699 F.2d 79 (2d Cir. 1983) ("Inaction on the part of the alleged aider and abettor ordinarily should not be treated as substantial assistance, except when it was designed intentionally to aid the primary fraud or it was in conscious and reckless violation of a duty to act.").

**Request No. 18  - DISPUTED**

**SECTION 10(b) AND RULE 10b-5 AND SECTION 17(a): AIDING AND ABETTING
(FIFTH, SIXTH, SEVENTH, AND EIGHTH CLAIMS FOR RELIEF)**

In addition to being charged with primary violations of Section 10(b) and Rule 10b-5 and of Section 17(a), Johnson is also charged with aiding and abetting AGF II's violations of those provisions.  In addition to being charged with primary violations of Section 10(b) and Rule 10b-5 and of Section 17(a), Allen is also charged with aiding and abetting AGF II's, PAA's, and Johnson's violations of those provisions.  And, Wasserman is also being charged with aiding and abetting AGF II's, PAA's, Johnson, and Allen's violations of those provisions.

Section 20(e) of the Exchange Act provides that "any person that knowingly provides substantial assistance to another person in violation of a provision of [the Securities Act of the Exchange Act] . . . shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided."  Accordingly, under the law, it is not necessary for the SEC to prove that a defendant <u>directly</u> committed a violation of the securities laws for you to find him or her liable for aiding and abetting the violation of another Defendant.

Generally, to find an aiding and abetting defendant liable for aiding and abetting if you find by a preponderance of the evidence that the SEC has proved three elements.

<u>First</u>, that one or more of a different defendant violated Section 10(b) and Rule 10b-5 or Section 17(a).

<u>Second</u>, that the aider and abettor provided substantial assistance to that violation.

<u>Third</u>, that the aider and abettor acted with knowledge of the fraud or with recklessness.

In this case, what that means is that in order to find Johnson liable for aiding and abetting

a violation of Section 10(b) and Rule 10b-5 or of Section 17(a), you must first find that AGF II committed a primary violation of one of those provisions (that is the Fifth Claim of Relief as applied to Johnson).

In order to find Allen liable for aiding and abetting a violation of Section 10(b) and Rule 10b-5 or of Section 17(a), you must first find that either AGF II, PAA, or Johnson committed a primary violation of one of those provisions (those are the Fifth, Sixth, and Seventh Claims of Relief as applied to Allen).

And, in order to find Wasserman liable for aiding and abetting a violation of Section 10(b) and Rule 10b-5 or of Section 17(a), you must first find that either AGF II, PAA, Johnson, or Allen committed a primary violation of one of those provisions (those are the Fifth, Sixth, Seventh, and Eighth Claims of Relief as applied to Wasserman).

I have already instructed you on the elements that the SEC must prove to establish a violation of Section 10(b) and Rule 10b-5 and of Section 17(a).

In arguing that Johnson, Allen, and Wasserman are liable for aiding and abetting violations of Section 10(b) and Rule 10b-5 and Section 17(a), the SEC is relying on the same alleged misstatements and omissions that it relied on for the primary violations.  The Defendants rely on their same defenses regarding materiality, and the truth of the statements.

To establish the element of "substantial assistance" for aiding and abetting, the SEC must prove – by a preponderance of the evidence – that Johnson, Allen, or Wasserman's conduct was a substantial causal factor in the primary violation committed by AGF II (in the case of Johnson, Allen, and Wasserman), by Johnson or PAA (in the case of Allen and Wasserman); or by Allen

(in the case of Wasserman).  The SEC must demonstrate that Johnson, Allen, and/or Wasserman associated him or herself with the unlawful venture, participated in it as something that he or she wished to bring about, and sought by his or her actions to make it succeed.

Inaction or the failure to act may be a form of substantial assistance.  In this case, for example, the SEC alleges that Allen knew by no later than in May or June of 2012 that the representation in AGF II's PPM about audited financials was false but allegedly continued to send the PPM to potential investors until at least the fall of 2013.  Similarly, the SEC alleges that Ms. Wasserman knew at some point on or after July 2012 that the AGF II PPMs falsely represented that the AGF II financial statements had been and would continue to be audited, but that she allegedly took no action or make any attempt to stop PAA and its employees from allegedly solicit investments in AGF II using the false PPM.

Johnson, Allen, or Wasserman's conduct does not have to have been the only cause of the violation.

In deciding whether the assistance was substantial, you may consider (1) the nature of the violation, (2) the amount and kind of assistance that the defendant provided to the violation, (3) whether the defendant was present when the violation occurred, (4) the relationship between the defendant and the primary violator, (5) the state of mind of the defendant, and (6) how long he or she provided assistance to the primary violator.

[Actual knowledge of the underlying fraud is required in order to impose liability on an aider and abettor under New York law. In addition, the SEC has the burden of proving a nexus between the primary fraud, the alleged aider and abettor's knowledge of the fraud, and what the

alleged aider and abettor did with the intention of advancing the fraud's commission.]*

**Authority:**    The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge J.O. Browning in <u>SEC v. Goldstone</u>, No. 12 Civ. 257 (D.N.M. June 24, 2016); the charge of Judge V. Marrero in <u>SEC v. Treadway</u>, No. 04 Civ. 3464 (S.D.N.Y. June 28, 2006); Section 20(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(e); <u>VanCook v. SEC</u>, 653 F.3d 130, 142 (2d Cir. 2011); <u>SEC v. Apuzzo</u>, 689 F.3d 204, 213 (2d Cir. 2012); SEC v. <u>DiBella</u>, 587 F.3d 553, 556 (2d Cir. 2009) ("'[T]he three requirements [of aiding and abetting] cannot be considered in isolation from one another.' . . .") (citations omitted).

**PAA Authority \*:**    <u>Krys v. Pigott</u>, 749 F.3d 117, 127 (2d Cir. 2014).

\* The SEC objects to the bracketed language proposed by the PAA Defendants. The New York law standard for aiding and abetting liability is similar but not the same as the securities law standard. In particular, the "nexus" requirement is different from the "substantial assistance" requirement, and its inclusion could confuse the jury. There is also no need to repeat the "knowledge of the fraud" standard, which is an incorrect statement of the law, as "reckless disregard" is also sufficient.

**<u>Request No. 19</u>**

**GENERAL INSTRUCTIONS ON CORPORATE AND AGENCY LIABILITY**

As you know, there are five Defendants in this case.  Two of them – AGF II and PAA – are corporations.  A corporation may only act through its employees or agents.  Therefore, to prove liability against AGF II or PAA, the SEC must prove that an agent of the corporation committed a culpable act with the requisite scienter – for those claims that require scienter – and that the act (and accompanying mental state) are attributable to the corporation.

I have previously defined "scienter" for you.

An "agent" is simply a person acting on behalf of and at the direction of another.  Generally, a corporation such as AGF II or PAA is chargeable with the acts and knowledge of its employees and agents – committed within the scope of their employment or agency – unless the employee or agent "totally abandoned" the corporation's interests and "acted entirely for his own or another's purpose."

"An employee acts within the scope of his or her employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control.  An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer."

Individuals, such as Johnson, Allen, and Wasserman, can also act through agents.  In order to find that the statement of an agent is binding on an Individual Defendant, you must find that the Individual Defendant ordered the statement at issue to be made, approved the statement, or furnished the statement at issue. In other words, any of Johnson, Allen, or Wasserman (as the case may be) may be held liable for statements made by their agents if Johnson, Allen, and/or Wasserman caused the dissemination of false or misleading statements.

As you know, certain of the claims here require scienter, and certain of the claims do not. For those claims that require scienter, you must also find that Johnson, Allen, and/or Wasserman (as the case may be) acted with the requisite scienter, as I have defined that term for you.

**Authority:**   The charge of Judge P.G. Gardephe in <u>SEC v. Reserve Mgm't Co.</u>, No. 09 Civ. 4346 (S.D.N.Y. Nov. 7, 2012); the charge of Judge J.O. Browning in <u>SEC v. Goldstone,</u> No. 12 Civ. 257 (D.N.M. June 24, 2016); the charge of Judge A.D. Montgomery in <u>SEC v. Quan,</u> No. 11 Civ. 723 (D. Minn. Jan. 14, 2014); the charge of Judge V. Marrero in <u>SEC v. Treadway,</u> No. 04 Civ. 3464 (S.D.N.Y. June 28, 2006).

**CLOSING GENERAL INSTRUCTIONS**

**Request No. 1**

**SELECTION OF FOREPERSON; EXHIBITS AND TESTIMONY;
COMMUNICATIONS WITH THE COURT**

Shortly you will go into the jury room and begin your deliberations.  Your first duty in the jury room is to elect one member of the jury as your foreperson.  The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with the Court when questions arise.

You are free to select any foreperson you like.  The foreperson will preside over your deliberations and will be your spokesperson here in court.  This is simply for convenience and it gives him or her no greater authority, and his or her vote does not have greater weight than that of any other juror.

You are about to go into the jury room to begin your deliberations.  All the exhibits will be sent to you in the jury room.  If, during your deliberations, you want to see the transcript of any testimony, let me know that and it will be sent to you.  Please remember that it's not always easy to locate the testimony that you might want, so be as specific as you possibly can in requesting portions of the testimony.

Your request for testimony, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to you by one of the marshals who will be outside your door.  I will respond to any questions or requests as promptly as possible, either in writing or by having you come back to the courtroom so I can speak to you in person.  In any event, do not tell me or anyone else how the jury stands on any issue until a unanimous verdict is reached.

**Authority:**  The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013); 4 L. Sand, <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 78-1 (2011).

## Request No. 2

### UNANIMITY AND DUTY TO CONSULT

Your function now is to weigh the evidence in the case and to determine whether the SEC has established its claims with a preponderance of the evidence.  You may base your decision solely on the evidence and the lack of evidence and these instructions as to the law.  And you're obliged under your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

In order to return a verdict, it's necessary that each juror agree thereto.  Each verdict must be unanimous.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can possibly do so without violence to your individual judgment.

Each of you must decide the case for himself or herself, but do so only after impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change an opinion if you become convinced that it is erroneous, but do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors.

You are judges, judges of the facts.  Your sole interest is to seek the truth from the evidence in the case. As I just mentioned, your verdict must be unanimous.  If you are divided, do not report to anyone how the vote stands.  If you have reached a unanimous verdict, do not report what it is until you are in open court.

In conclusion, ladies and gentlemen, I'm sure if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.  Remember that verdicts are to be rendered without fear, without favor, without prejudice or sympathy.

**Authority:**     The charge of Judge Kimba Wood in Soley v. Wasserman, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013).

**<u>Request No. 3</u>**

**REACHING A VERDICT**

I have given you a verdict form on which you can record any verdicts you reach unanimously.  You're each given one so that you can look at it, but it's the one that is filled out by your foreperson that will be read out loud in court.

You can make whatever marks you want on your own copy, so long as you're not the foreperson.

So after you have reached your verdicts, your foreperson will fill in his or her form, sign and date it, and will advise the court marshal outside your door that you have reached a verdict and are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

You are free to go now.  As I told you, you can keep your own hours.  If you work through dinnertime, dinner will be provided to you, just send out a note letting us know in advance what you would like.

Thank you.

**Authority:**   The charge of Judge Kimba Wood in <u>Soley v. Wasserman</u>, No. 08 Civ. 9262 (S.D.N.Y. Aug. 1, 2013).

## <u>VERDICT FORM</u>

1.  (FIRST CLAIM FOR RELIEF) Did Defendant American Growth Funding II, LLC ("AGF II"), Ralph C. Johnson ("Johnson"), Portfolio Alliance Advisers, LLC ("PAA"), or Howard J. Allen ("Allen") violate **Section 10(b)** of the Exchange Act and **Rule 10b-5**?

    a.  AGF II:

    Yes    _____        No    _____

    b.  Johnson:

    Yes    _____        No    _____

    c.  PAA:

    Yes    _____        No    _____

    d.  Allen:

    Yes    _____        No    _____

2.  (SECOND CLAIM FOR RELIEF) Did Defendant AGF II, Johnson, PAA, or Allen violate **Section 17(a)(1)** of the Securities Act?

    a.  AGF II:

    Yes    _____        No    _____

    b.  Johnson:

    Yes    _____        No    _____

    c.  PAA:

    Yes    _____        No    _____

    d.  Allen:

    Yes    _____        No    _____

3.     (SECOND CLAIM FOR RELIEF) Did Defendant AGF II, Johnson, PAA, or Allen violate **Section 17(a)(2) or Section 17(a)(3)** of the Securities Act?

    a.  AGF II:

        Yes   _____          No   _____

    b.  Johnson:

        Yes   _____          No   _____

    c.  PAA:

        Yes   _____          No   _____

    d.  Allen:

        Yes   _____          No   _____

**If you answered <u>yes</u> to Question 1(a) <u>or</u> Question 2(a) <u>or</u> Question 3(a) please answer Question 4.**

4.     (THIRD CLAIM FOR RELIEF) Was Defendant Johnson a "control person" of AGF II under **Section 20(a)** of the Exchange Act and culpably participate in AGF II's violation of Section 10(b) of the Exchange Act and Rule 10b-5 or of Section 17(a) of the Securities Act?

        Yes   _____          No   _____

**If you answered <u>yes</u> to Question 1(c) <u>or</u> Question 2(c) <u>or</u> Question 3(c) please answer Questions 5 & 6.**

5.     (FOURTH CLAIM FOR RELIEF) Was Defendant Allen a "control person" of PAA under **Section 20(a)** of the Exchange Act and culpably participate in PAA's violation of Section 10(b) of the Exchange Act and Rule 10b-5 or of Section 17(a) of the Securities Act?

        Yes   _____          No   _____

6.     (FOURTH CLAIM FOR RELIEF) Was Defendant Kerri L. Wasserman ("Wasserman") a "control person" of PAA under **Section 20(a)** of the Exchange Act and culpably participate in PAA's violation of Section 10(b) of the Exchange Act and Rule 10b-5 or of Section 17(a) of the Securities Act?

        Yes   _____          No   _____

**If you answered <u>yes</u> to Question 1(a), please answer Question 7.**

7.     (FIFTH CLAIM FOR RELIEF) Did Defendant Johnson, Allen, or Wasserman aid and
       abet AGF II's violation of **Section 10(b)** of the Exchange Act and **Rule 10b-5**?

       a.  Johnson:

          Yes     _____          No     _____

       b.  Allen:

          Yes     _____          No     _____

       c.  Wasserman:

          Yes     _____          No     _____

**If you answered <u>yes</u> to Question 2(a) <u>or</u> Question 3(a), please answer Question 8.**

8      (FIFTH CLAIM FOR RELIEF) Did Defendant Johnson, Allen, or Wasserman aid and
       abet AGF II's violation of **Section 17(a)** of the Securities Act?

       a.  Johnson:

          Yes     _____          No     _____

       b.  Allen:

          Yes     _____          No     _____

       c.  Wasserman:

          Yes     _____          No     _____

3

**If you answered <u>yes</u> to Question 1(b) please answer Question 9.**

9.      (SIXTH CLAIM FOR RELIEF) Did Defendant Allen or Wasserman aid and abet Johnson's violation of **Section 10(b)** of the Exchange Act and **Rule 10b-5**?

      a.   Allen:

          Yes   _____          No   _____

      b.   Wasserman:

          Yes   _____          No   _____

**If you answered <u>yes</u> to Question 2(b) <u>or</u> 3(b) please answer Question 10.**

10.     (SIXTH CLAIM FOR RELIEF) Did Defendant Allen or Wasserman aid and abet Johnson's violation of **Section 17(a)** of the Securities Act?

      a.   Allen:

          Yes   _____          No   _____

      b.   Wasserman:

          Yes   _____          No   _____

**If you answered <u>yes</u> to Question 1(c) please answer Question 11.**

11.     (SEVENTH CLAIM FOR RELIEF) Did Defendant Allen or Wasserman aid and abet PAA's violation of **Section 10(b)** of the Exchange Act and **Rule 10b-5**?

      a.   Allen:

          Yes   _____          No   _____

      b.   Wasserman:

          Yes   _____          No   _____

**If you answered <u>yes</u> to Question 2(c) <u>or</u> 3(c) please answer Question 12.**

12.     (SEVENTH CLAIM FOR RELIEF) Did Defendant Allen or Wasserman aid and abet PAA's violation of **Section 17(a)** of the Securities Act?

     a.  Allen:

     Yes    _____       No    _____

     b.  Wasserman:

     Yes    _____       No    _____

**If you answered <u>yes</u> to Question 1(d) please answer Question 13.**

13.     (EIGHTH CLAIM FOR RELIEF) Did Defendant Wasserman aid and abet Johnson's violation of **Section 10(b)** of the Exchange Act and **Rule 10b-5**?

     Yes    _____       No    _____

**If you answered <u>yes</u> to Question 2(d) <u>or</u> 3(d) please answer Question 14.**

14.     (EIGHTH CLAIM FOR RELIEF) Did Defendant Wasserman aid and abet Johnson's violation of **Section 17(a)** of the Securities Act?

     Yes    _____       No    _____


_____

Signature of Foreperson


_____

Name of Foreperson

**Authority:**    The verdict sheet in <u>SEC v. Payton</u>, No. 14 Civ. 4644 (S.D.N.Y. Apr. 4, 2016); the verdict sheet in <u>SEC v. Tourre</u>, No. 10 Civ. 3229 (S.D.N.Y. Aug. 1, 2013); the verdict sheet in <u>SEC v. Reserve Mgm't Co.</u>, 09 Civ. 4346 (S.D.N.Y. Nov. 13, 2012).