UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

SECURITIES & EXCHANGE
COMMISSION,

                              Plaintiff,

         v.

AMERICAN GROWTH FUNDING II, LLC,
PORTFOLIO ADVISORS ALLIANCE, INC.,
RALPH C. JOHNSON,
HOWARD J. ALLEN III, and
KERRI L. WASSERMAN

                              Defendants.

----------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED: __4/23/19__              │
└─────────────────────────────────────┘
```

16-CV-828 (KMW)

**OPINION AND ORDER**

KIMBA M. WOOD, United States District Judge:

The Securities and Exchange Commission ("SEC" or "the Commission") brings claims

against Portfolio Advisors Alliance, Howard J. Allen III, and Kerri L. Wasserman ("the PAA

Defendants") for securities fraud under Section 10(b) of the Exchange Act and Rule 10b-5

thereunder, and Sections 17(a)(1), (2), and (3) of the Securities Act. The PAA Defendants deny

these allegations. The SEC now moves to exclude the testimony of the PAA Defendants' expert

Richard Chase ("Chase"). (ECF No. 213.)

For the reasons stated below, the Court GRANTS in part and DENIES in part the SEC's

motion to exclude Chase's testimony.

## DISCUSSION

As an initial matter, because Chase is a *rebuttal* expert witness, his testimony will depend

on the testimony of Robert Lowry ("Lowry"), the SEC's securities expert. At this time, it is not

1

clear exactly what Lowry's testimony at trial will entail. Therefore, the SEC's motion is largely premature.[1]

However, regardless of Lowry's testimony, Chase is precluded from offering testimony concerning: (1) the PAA Defendants' intent or state of mind; and (2) interpretation of the plain language of the PPMs.

## I.     The PAA Defendants' State of Mind

"Opinions concerning state of mind are an inappropriate topic for expert opinion." *Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, No. 09 CIV 3020 SAS, 2011 WL 6288415, at *8 (S.D.N.Y. Dec. 15, 2011); *see also In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony."). Throughout his expert report, Chase repeatedly opines on the PAA Defendants' state of mind, including whether the PAA Defendants acted with the requisite intent to defraud. (Chase Expert Report, ECF No. 217-1.) For example, Chase states: "At no time is there any evidence in the records that PAA, Allen, or Wasserman did not have a good faith view that audited financials would not be produced." (*Id.* at 1; *see also id.* at 3 ("Based on the ongoing series of communications during that period between Allen, Johnson, and various independent accountants, it appears that the PAA defendants manned a good faith belief, ultimately borne out, that AGF II's annual financial statements would in fact be audited, consistent with the representations in the PPM.").) Chase's opinions as to the state of mind of the PAA Defendants' are not an appropriate subject for expert testimony. Therefore, Chase is precluded from offering testimony concerning the PAA Defendants' state of mind.

## II.    Interpretations of the Plain Language Contained in the PPMs

---

[1] The SEC may renew its objections to Chase's expert testimony at trial.

"[T]he district court should not admit [expert] testimony that is 'directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help.'" *United States v. Mulder*, 273 F.3d 91, 101 (2d Cir. 2001) (quoting *United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991). In his expert report, Chase improperly interprets the plain language of the PPMs. For example, with respect to the phrase "as has been the policy in the past, the Company's annual financial statements will continue to be audited," which is contained in the 2011 PPM, Chase states the following:

> The reference in the disclosure to the Company's "policy in the past" of having its financials audited is admittedly confusing. If Johnson intended to convey that it had been his policy, as Chairman of AGF II and a principal of its Manager, to audit AGF-related entities, the statement is imprecise, as it should have referenced the policy of the Company's management and affiliates, not the Company itself. If it was in fact intended to reference AGF II itself, as it is literally written, it is clearly incorrect, as the Company has no past. *But I am unable to conclude that this representation is materially misleading. In reading the PPM as a whole, that statement could only lead to the conclusion that the Company intended to have its financials audited in the future. As a result, a reasonable investor could not have been misled by this statement.*

(Chase Expert Report at 25 (emphasis added).) Here, Chase attempts to tell the jury how to interpret the plain language of the PPMs and instructs the jury that his favored interpretation is not materially misleading to a reasonable investor. These topics are not appropriate for expert testimony. First, the jury is capable of interpreting the plain language of the PPMs without the aid of an expert. Second, whether a reasonable investor would be materially misled by language contained in the PPMs is an "ultimate legal conclusion," and this determination rests with the jury. *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 2019.) (""[A]lthough an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts."). Therefore, Chase is precluded from offering

testimony interpreting the plain language of the PPMs and from instructing the jury as to whether

a reasonable investor would be materially misled by language contained in the PPMs.

## CONCLUSION

For the reasons stated above, the SEC's motion to exclude Chase's expert testimony is

GRANTED in part and DENIED in part.

The Clerk is directed to terminate the motion at docket number 213.

SO ORDERED.

Dated: New York, New York
      April 23, 2019

_Kimba M. Wood_

KIMBA M. WOOD
United States District Judge
