# The Roth Law Firm, PLLC

295 Madison Avenue, 22nd Floor
New York, NY 10017
Tel.: (212) 542 8882    Fax: (212) 542 8883
www.rrothlaw.com

May 13, 2019

**Via Electronic Case Filing**
Hon. Kimba M. Wood, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

>Re:   Securities and Exchange Commission v. Ralph C. Johnson, et al.,
>      <u>16 Civ. 828 (KMW)</u>

Dear Judge Wood:

    As the Court is aware, we represent Defendants Howard J. Allen, Kerri Wasserman and Portfolio Advisors Alliance, Inc. ("Defendants"). We write to very briefly respond to the SEC's letter of May 11, 2019, which opposes Defendants' motion for reconsideration.

    With respect to disclosure, it is Defendants' position that informing counsel that the company is new and has no operating or performance history constitutes disclosure that the company has no prior audited annual financials. In light of that disclosure, Defendants do not believe the defense is to be interpreted so narrowly, so as to require a client to specifically point out every paragraph or issue in a comprehensive document in order to be entitled to rely on counsel.

    We also wish to emphasize the last substantive paragraph of the SEC's letter, which states in part:

> All of the evidence – Allen's testimony, Russell's testimony, and the documentary evidence reflecting Russell's comments – shows that Russell was reviewing the PPM to make sure that there were no 'compliance' errors. He did not conduct any review to ensure compliance with the antifraud provisions of the securities laws, which is materially distinct from a 'compliance' review.

Doc. 267, pg. 2.

    Here, the SEC is asking the Court to adopt the SEC's version of the facts instead of what the record actually reflects. Allen testified that he requested counsel to perform this "due diligence" review (T. 1026:14-18) and Russell testified: "I don't recall one way or the other." T. 1009:14-25. The SEC's <u>argument</u> goes to the weight of the evidence and making credibility assessments. The trier of fact should make these determinations.

                                                           Respectfully submitted,

                                                           By:   s/ Jordan M. Kam
                                                                  Jordan M. Kam