UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDS SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: | |
| DATE FILED: _10/1/19_ | |

-----------------------------------------------------------x
                                                          :
SECURITIES AND EXCHANGE                                   :
COMMISSION,                                               :
                                                          :
                                                          :    No. 16 Civ. 828 (KMW)
                             Plaintiff,                   :
                                                          :    ECF Case
             v.                                           :
                                                          :
                                                          :
AMERICAN GROWTH FUNDING II, LLC,                          :
PORTFOLIO ADVISORS ALLLIANCE, INC.,                       :
RALPH C. JOHNSON,                                         :
HOWARD J. ALLEN III,                                      :
and                                                       :
KERRI L. WASSERMAN,                                       :
                                                          :
                                                          :
                             Defendants.                  :
-----------------------------------------------------------x

## [PROPOSED] *kmw* FINAL JUDGMENT AS TO DEFENDANTS HOWARD J. ALLEN III AND PORTFOLIO ADVISORS ALLLIANCE, INC.

Pursuant to the Jury Verdict against Defendants Howard J. Allen III ("Allen") and

Portfolio Advisors Alliance, Inc. ("PAA") (collectively "Defendants"), entered on May 16, 2019

(ECF No. 279), and the Court's Opinion & Order on remedies, entered on September 24, 2019

(ECF No. 313):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Allen and PAA are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact
        necessary in order to make the statements made, in the light of the circumstances
        under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would
        operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants'
officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Allen and PAA are
permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933
(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any
means or instruments of transportation or communication in interstate commerce or by use of the
mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact
        or any omission of a material fact necessary in order to make the statements
        made, in light of the circumstances under which they were made, not misleading;

or

2

(c)     to engage in any transaction, practice, or course of business which operates or
        would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants'

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Allen and PAA are

jointly and severally liable for disgorgement of $860,000, representing profits gained as a result

of the conduct alleged in the Complaint, together with prejudgment interest thereon in the

amount of $199,721.28, for a total of $1,059,721.28. Defendants shall satisfy this obligation by

paying $1,059,721.28 to the Securities and Exchange Commission within 3̶0̶ 60 days after entry of

this Final Judgment. KMW

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Allen alone liable for

disgorgement of $166,427, representing additional profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$38,649.97, for a total of $205,076.97. Allen shall satisfy this obligation by paying $205,076.97

to the Securities and Exchange Commission within 3̶0̶ 60 days after entry of this Final Judgment. KMW

Defendants may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank

3

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Howard J. Allen III and Portfolio Advisors Alliance, Inc. as defendants in this action;

and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment,

Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 3̶0̶ 60 days following entry of this Final Judgment. Defendants shall pay post

*KMW*

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Allen shall pay a civil

penalty in the amount of $120,000 and PAA shall pay a civil penalty in the amount of $200,000,

all to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act

[15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

4

Defendants shall satisfy the obligation to pay a civil penalty ordered pursuant to this

paragraph by paying the amounts ordered to the Securities and Exchange Commission within 30 60 KMW

days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Howard J. Allen III and Portfolio Advisors Alliance, Inc. as defendants in this action;

and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment,

Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  *10 - 1 - 19*

*Kimba M. Wood*

HON. KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE